Curia.

The questions submitted to the Court by the statement and agreement of the parties in this case are, whether the corporation was liable to the payment of taxes for their real estate, or for their personal estate, or for either, and which, of them.
There is no doubt that the property itself was a subject of taxa *502 tion ; and it depends on the construction of the several tax acts, whether the taxes should be assessed on the plaintiffs as the legal owners of the specific lands and goods, or on the several stock holders and members of the corporation, as the persons beneficially interested in the property. The latter course seems best to comport with the general scope and object of the successive statutes for the valuation and taxation of estates within the commonwealth. The tax is always supposed to be assessed upon the persons for, and according to the value of, the estate, real and personal, owned or possessed by them respectively.
With respect to movable property, it makes no difference whether it be found in the town where the owner dwells, or in any other town. The owner is taxed for it in the town where he dwells. This general proposition is proved by the exception introduced into the several tax acts for many years past, as to those persons who hire shops, stores, &c., and carry on their business, in other towns than those in which they dwell. The goods and merchandise of such persons would be taxable in the towns where the owners dwell, and not where the goods are found, but for the provision alluded to in the tax acts, by which the owners are expressly made liable to be taxed for such goods in the towns where their business is negotiated.
We are therefore satisfied, in the present case, that [*517] each * individual stockholder was liable, in the town where he resided, to taxation for his shares in the stock of this company. “ Shares in any incorporated companies possessing taxable property,” are expressly mentioned in some of the tax acts, and are manifestly included in all of them, among the articles of personal estate for which the owners are taxable in their respective towns.
This being the case, it appears unjust, and contrary to the spirit of our laws, that the corporation should also be taxed for the same property.
There is, however, on this point, an important difference between real and personal estate. The tax on the former has always been paid exclusively to the town in which it is situated. In all the successive valuations, made in pursuance of the laws for that purpose, each town has been charged, among other things, with the value of all the real estate within it, in the apportionment of the state tax among the several towns. It would therefore be unjust, if real estate, which is included in estimating the amount of taxes chargeable on the inhabitants of a town, by being transferred to anothei owner, should be exempted from contributing to the discharge of such taxes.
*503 There is nothing in any of the tax acts to warrant such a conclusion. It makes no difference whether a corporation, or any other person, becomes the purchaser. The land is always held to contribute, without reference to the qualities or residence of the owner; and the tax is assessed, either on the tenant or the owner, by the town in which it lies.
It is therefore clear, in the present case, that the defendants are entitled to retain the amount of all the taxes on the real estate situate in Danvers. If this result should appear to be injurious to the plaintiffs, a different decision would be not less so to the defendants; and the injustice, if any exists, can be remedied only by the legislature.
As to the personal estate, its local situation, as before observed, gives no right to the town of Danvers; neither is the corporation included among the inhabitants of that town liable to taxation. We should not adopt any construction of the laws which would subject the same property to be * twice charged [*518] for the same tax, unless required by the express words of a statute, or by necessary implication. We are under no such necessity as to the personal estate. The real owners are liable to be taxed for it in their respective towns; and there is nothing in the statutes which subjects the corporation also to be taxed for it in the town where the goods may happen to be found. If it were otherwise, such a corporation would often be taxable in many different towns at the same time. They may purchase the raw materials in one place, and send their manufactures for sale to many others; and they would be liable to taxation in each of those places, as well as in that where their manufacture was carried on.
According to the agreement of the parties, the defendants are to be defaulted, and judgment rendered for the plaintiffs for the amount of the tax on the personal estate, with the interest from the commencement of the action. (a)
. ADDITIONAL NOTE.
[See Goodell Man. Co. vs. Trask, 11 Pick. 514. — Souhegan, &c., vs. M’Couike, 7 N. H. 309.— Smith vs. Barley, 9 N. H. 423. — F. H.]

 [The Amesbury W. & C. Manuf. Co. vs. Inh. of Amesbury, 17 Mass. Rep. 461. — Amesbury Nail Factory vs. Weed, 17 Mass. Rep. 53. — Ed.]