Parker, C. J.,
delivered the opinion of the Court.
By the fifth section of the tax act, for the year 1813, it is enacted, that, “ for such goods, wares, and merchandise, or other stock in trade, ships, and vessels, as are sold, used, or improved in the towns, districts, or plantations other than where the owners thereof may dwell, such owners shall be respectively taxed therefor in such town, district, or plantation, or other place, and not where they dwell or have their home.”†
The property, for which the plaintiff in this action was assessed by the defendants, being of the description mentioned.in said act, and being within the limits of the town of Charlestown ; the only question, which can arise on the facts agreed in this case, is, whether that property was “ sold, used, or improved ” in Charlestown, within the meaning of the statute. And we are clearly of opinion that it was. It was there kept for sale and exhibited to purchasers ; and, although the bargain must be made with the plaintiff personally, yet the delivery, which is the completion of the sale, must necessarily take place in Charlestown.‡
The control which the plaintiff retained over his agent was undoubtedly designed for the convenience and safety of the plaintiff, with regard to price and credit. But the sale must be considered as made where the goods were stored, as much as if the plaintiff should, by letter, agree to sell goods at Portland or Salem, and direct his agents to deliver them to the purchaser.
Perhaps the general object of this provision bv the legislature *144 is not so well attained in this particular case, as it [*163] * would be in the common case of a merchant, living in the country, but doing his business in some sea-port town ; for, from the proximity of Charlestown to Boston, the assessors of the latter place might as well understand the value of the property to be taxed, as the assessors of Charlestown. But, as the provision is general, we are not at liberty to exempt from the application of it particular cases, which might not have been foreseen by the legislature, as proper for that body to have excepted from the rule adopted for the public convenience.
The circumstances of the stores, &c., being owned and not hired by the plaintiff can avail nothing in his favor ; for the owning a store in the town where a man transacts his business, other than the town in which be dwells, is even a stronger indication of his doing business in such town than a hiring would be ; and the fact of hiring is mentioned in the act in no other view than as a circumstance from which the actual transacting of business in a town where one does not dwell may be inferred.
The cases of Little vs. Greenleaf & al.,(1) and The Salem Iron Factory Company vs. Danvers,(2) were .decided upon principles adopted by us in this case.
According to the agreement of the parties, the plaintiff must be called.

Plaintiff nonsuit.

 See Sup to Rev. Stat. (1839), c. 139, § 1. — Ed.]

 Delivery is not necessary in order to perfect the sale and vest the title in the yen dee. 1 Chitty, Plead., 5th ed., 381.—2 Chitty, 56. — Brown on Sales, p. 40.— Com. Dig., Bargain & Sale, A.; Biens, D. E.; Agreement, B. — 3 Shep. Touchstone, 222, 6 E. 26. — Dyer, 30. a. - Noy. Max. 42.— 7 East, 571

 7 Mass. Rep. 236.

 10 Mass. Rep. 514.