DUNNELL MANUFACTURING COMPANY *vs.* INHABITANTS OF PAW-
TUCKET.

A manufacturing corporation, who are taxed in the town where their real estate is situated
and their machinery employed, for such real estate and machinery, and also for their
stock in trade and other personal property, and pay the whole tax, may maintain an ac-
tion against the town to recover back the latter portion of the tax; and are not estopped
to maintain such an action, by having, before the assessment of the tax, sent in to the
assessors a statement of their taxable property, including all these items; if the assessors
did not assess upon that valuation, and knew that they were a corporation.

ACTION OF CONTRACT by a manufacturing corporation, doing
business in Pawtucket in this commonwealth, to recover back
so much of a tax paid by them, as was assessed upon their stock
in trade, and their stock in a gas company in Pawtucket, R. I.
The case was submitted to the decision of the court upon a
statement of facts, the material part of which appears in the
opinion.

*C. B. Farnsworth,* for the plaintiffs.

*C. I. Reed,* for the defendants.

THOMAS, J.   For the real estate of the corporation situated in
the town, and for machinery employed in manufactures there,
the plaintiffs were liable to be taxed in Pawtucket.   Their per-
sonal estate is assessed in the tax upon the shares of the com-
pany.   Rev. Sts. *c.* 7, §§ 7, 9, 10.   *Salem Iron Co.* v. *Danvers,*
10 Mass. 514.   *Boston & Sandwich Glass Co.* v. *Boston,* 4 Met.
181.   *Worcester Mutual Fire Ins. Co.* v. *Worcester,* 7 Cush. 600.

The only question in the case arises from the fact that the
plaintiffs, by the clerk of the corporation, sent in to the assessors
a statement of the property for which they were taxable, as fol-
lows : Real estate, including machinery, $300,000 ; goods and
chattels in market on hand, $432,000 ; bills receivable, $22,500 ;
cash, $2,456 ; stock in gas company, $2,000.

The defendants contend that the plaintiffs are by this paper
estopped to deny the validity of the tax.

The answer is twofold.   First, the assessors did not adopt
the list for their valuation.   They tax for real estate, $200,000 ;

machinery and fixtures, $100,000; stock in trade, $400,000; stock in gas company, $2,000.

Secondly. It appears that the assessors knew of the existence of the corporation, for they taxed the only stockholder residing in Pawtucket, for stock in the corporation, to the amount of $50,000. The existence of the corporation being known, it was perfectly plain, under the statutes, for what the plaintiffs were liable to be taxed, to wit, for the real estate and machinery.

And there is no legal or equitable reason why the plaintiffs should not recover back the amount paid on stock in trade and the stock in the gas company.        *Judgment accordingly.*