The opinion of the Court was delivered by
Whehster, J.
The order made by the judge on circuit, granting the prohibition, is approved by this Court. ■ The views submitted in the brief, furnish an ample vindication of the order. There is certainly a distinction between the capital stock of the Bank and the shares of individual stockholders, denominated bank stock. Looking to the general scope and object of the Acts in question, what stock did the Legislature contemplate in the power conferred upon the *107 Town Council? We should not give such a construction as would subject the same property to be twice charged for the same tax, unless required by express words of the statute, or by necessary implication. 10 Mass. 514. By way of illustration, suppose the stockholders of this Bank all resided within the corporate limits of this town, would it be competent for this municipality to charge the stock when aggregated, with the payment of a tax, and the same stock when separated into shares, with the same tax? First the corporation and then the stockholders. The words, it is said, are large enough to include either, and if so, certainly both, and an ordinance of Council might work this wrong.
The exception is suggestive of the mind of the law maker on this subject, looking, it would seem, to the “stocks of every kind,” as owned by individuals, rather than the corporate or capital stock.
Without this exception, it is not to be questioned, the stockholders of railroads and plank-roads residing within the limits of the town, though, embarked in a great beneficial public enterprise, and sharing hitherto burthens and losses, instead of profit, would have been equally subject to taxation, and yet it is manifest that neither the corporations themselves nor the capital stock, would have been.
The dates of these enactments have been brought to view, and enter into the consideration whether the Legislature so immediately after the guarantee afforded in the charter against any molestation by municipal corporations, without authority first had and obtained, would have likely conferred the power in question.
I think it clear, that the scheme as gathered from the enumeration of property and persons looked exclusively, as it should have done reasonably, to property and persons within the corporate limits of the town.
But the weightier considerations, and doubtless those *108 mainly influencing tbe judgment of tbis Court, as already suggested, are to be found in tbe brief. Tbe motion is refused, and tbe appeal dismissed.
O’Neall, Wardlaw, Withers, Glover and Mujstro, JJ., concurred.

Motion dismissed.