AUGUSTA SAVINGS BANK *versus* CITY OF AUGUSTA.

A savings bank is not liable to be taxed for national bank stock or city bonds in which it has invested moneys received on deposit.

ON REPORT.

ASSUMPSIT to recover back a tax assessed in 1866, by the proper authorities of the city of Augusta, against the plaintiff corporation, for certain national bank stock and city bonds, in which it had invested moneys received on deposit. The tax was paid under protest and to relieve certain of the shares from distraint for the tax.

*A. Libbey*, for the plaintiff.

*W. P. Whitehouse, City Solicitor*, for the defendant.

DANFORTH, J.—By the charter of the plaintiff corporation, approved August 10, 1848, it is authorized to receive deposits of money from any person, and required to invest such deposits in such way as may be deemed most advisable, and divide the net income among the depositors in just proportion. A portion of these deposits were invested in bank stocks and city bonds, and the question submitted in this case is whether such bank stock and city bonds were legally liable to be taxed to the corporation.

In the case of the *Salem Iron Factory* v. *Inhabitants of Danvers*, 10 Mass., 514, under tax acts similar to our own, it was held that property, otherwise taxable, could not be taxed to the corporation, but could only be taxed by assessments upon the shareholders, for the value of their several shares. The same doctrine was subsequently held in *Amesbury C. & W. Manufacturing Co.* v. *Amesbury*, 17 Mass., 461. These cases were cited with approbation, and the same construction given to our statutes in *Gardiner C. & W. Factory Co.* v. *Gardiner*, 5 Maine, 133. WESTON, J., in the opinion, on page 139, says;—"If, therefore, the merchandize in the store is not exempted from taxation by the Act of 1825, c. 258, and it does not appear to us that it is, yet, as personal property, according to the tax act, and the principles decided in the case of the *Salem Iron Factory Co.* v. *Inhabitants of Danvers*, 10 Mass., 514, it cannot be taxed to the corporation, but to the several holders of the stock."

The same doctrine is recognized in *Augusta Bank* v. *Augusta*, 36 Maine, 255. On page 259, SHEPLEY, C. J., says; "If the fifty shares of the Portland, Saco & Portsmouth Railroad Co. constituted a part of the capital stock of the Augusta Bank, they were liable to taxation only by an assessment upon its stockholders, for the value of their shares." In all these cases, the personal property was liable to taxa-

tion by the provisions of the statute, but was held exempt in the form taxed, because it constituted a part of the capital stock, and, as such, was liable to be taxed to the several stockholders, by an assessment upon their shares, and these shares, by other provisions of the statute, were to be assessed in the town of the owner's residence. If both the shares and the capital are to be taxed, the result would be a double taxation, which would be contrary to the policy of the law, and never permitted unless required by positive provisions of the statute. The cases cited show clearly that a fair construction of the tax acts require no such taxation. That these principles apply to Savings banks is settled in *Worcester County Institution for Savings* v. *City of Worcester*, 10 Cush., 128, a case in all respects like the one at bar and decisive of it.

The property taxed is the capital of the bank, and, as such, is made up exclusively of the deposits. The deposits are but the parts, the capital the whole composed of these parts, and, for the purposes of taxation, are one and the same thing. The depositors are taxable for their deposits in the several towns in which they reside, and the capital made up of those deposits cannot be again taxed to the corporation.          *Judgment for the plaintiff.*

APPLETON, C. J., KENT, WALTON, BARROWS and TAPLEY, JJ., concurred.