## ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY v. O'CONNOR.

### ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO.

No. 162. Argued January 24, 25, 1912.—Decided February 19, 1912.

One denying the legality of a tax should have a clear and certain remedy; and where he cannot interfere by injunction, an action to recover back is the alternative, unless he waits until the State commences an action and subjects himself to penalties and risks.

Courts have been too slow to recognize implied duress, in payment of taxes, where payment thereof would result disadvantageously.

Where, in addition to money penalties for delay in payment of a tax, there is forfeiture of right to do business and risk of having contracts declared illegal in case of non-payment of disputed tax, the payment is made under duress.

Where a state officer receives money for a tax paid under duress with notice of its illegality, he has no right thereto and the name of the State does not protect him from suit.

Where a state statute provides for refunding taxes erroneously paid to a state officer, it contemplates a suit against such officer to recover the taxes paid under protest and duress.

THE facts, which involve the right to recover payments for taxes paid under duress and what constitutes duress, are stated in the opinion.

*Mr. Robert Dunlap*, with whom *Mr. H. T. Rogers* and *Mr. Gardiner Lathrop* were on the brief, for plaintiff in error:

When the railway company in 1899 paid to the State of Colorado the fees required of foreign corporations by the law of 1897, and otherwise complied with the laws then in force, it obtained a vested or contract right to transact its business as a foreign corporation within that State

and the subsequent law of 1907, which attempted to impose an additional annual license tax for the same privileges, impaired the obligation of the contract between the railway company and the State created by virtue of a compliance with the law of 1897. *American Smelting Co.* v. *Colorado,* 204 U. S. 107; *Commonwealth* v. *New Bedford Bridge,* 2 Gray, 339; *Attorney General* v. *Bank,* 4 Jones Eq. (N. C.) 287; *Gordon* v. *Appeal Tax Court,* 3 How. 133; *New York &c. R. R. Co.* v. *Pennsylvania,* 153 U. S. 628; *Wendover* v. *City,* 15 B. Monroe (Ky.), 258; *Bank* v. *Knoop,* 16 Howard, 369; *Commonwealth* v. *Mobile & Ohio R. R. Co.,* 23 Ky. L. R. 784; *Seaboard Air Line* v. *Railroad Commission,* 155 Fed. Rep. 792; *Railway Company* v. *Ludwig,* 156 Fed. Rep. 152; *West Un. Tel. Co.* v. *Julian,* 169 Fed. Rep. 166; *Railroad Company* v. *Cross,* 171 Fed Rep. 480; *Wilmington Railroad* v. *Reid,* 13 Wall. 264; *California* v. *Pacific R. R. Company,* 127 U. S. 40; *Penn. R. R. Co.* v. *Philadelphia,* 220 Pa. St. 100; *People* v. *O'Brien,* 111 N. Y. 53.

The statute of 1907 as applied to the plaintiff imposes an unjust burden upon interstate commerce and is, therefore, invalid. *Henderson* v. *New York,* 92 U. S. 259, 268; *Galveston, Harrisburg &c. Ry. Co.* v. *Texas,* 210 U. S. 217; *West. Un. Tel. Co.* v. *Kansas,* 216 U. S. 1; *Pullman Company* v. *Kansas,* 216 U. S. 56; *Ludwig* v. *West Un. Tel. Co.,* 216 U. S. 146; *Daniels* v. *Tearney,* 102 U. S. 421; *Willis* v. *Commissioners,* 86 Fed. Rep. 872; *Butler* v. *Ellerbe,* 44 So. Car. 269; Cooley's Const. Lim., 7th ed., 364n.

The statute of 1907 is imposed upon privileges and rights beyond the jurisdiction of the State of Colorado, and, therefore, deprives the railway company of its property without due process of law.

A franchise or privilege granted by another State would not be subject to the taxing power of Colorado. *Louisville &c. Ferry Co.* v. *Kentucky,* 188 U. S. 385; *California* v. *Pacific R. R. Co.,* 127 U. S. 2.

A tax levied upon or in respect to property without the jurisdiction of the State is clearly invalid. *L. & W. R. v. Pennsylvania*, 198 U. S. 341; *Union Transit Co. v. Kentucky*, 199 U. S. 194; *California v. Cent. Pac. R. R. Co.*, 127 U. S. 1.

Payment of the tax by plaintiff was involuntary and is, therefore, recoverable from the defendant in a legal action. *Swift Company v. United States*, 111 U. S. 22; *Erskine v. Van Arsdale*, 15 Wall. 75; *Robertson v. Frank Brothers Co.*, 132 U. S. 17; *United States v. Edmonston*, 181 U. S. 505, 506; *Arkansas Building Assoc. v. Madden*, 175 U. S. 269; *Philadelphia v. Diehl*, 5 Wall. 720; *Herold v. Kahn*, 159 Fed. Rep. 608; *Scottish Union & Nat. Ins. Co. v. Herriott*, 109 Iowa, 606; *Steele v. Williams*, 8 Exch. 625.

A payment under protest to avoid the imposition of penalties is involuntary. *Ratterman v. Am. Expr. Co.*, 49 Oh. St. 608; *Catoir v. Watterson*, 38 Oh. St. 319; *United States v. Rothstein*, 187 Fed. Rep. 268; *Chicago v. Northwestern Mutual Ins. Co.*, 218 Illinois, 40.

The officer who, under color of office exacts and receives an illegal fee or charge is not protected by law because he acts without the law and is, therefore, personally liable especially if notified at the time that suit will be brought to recover back the amount. *Steele v. Williams*, 8 Exch. 625; *Ripley v. Gelston*, 9 Johns. 201; *Bank v. Watkins*, 21 Michigan, 483–489; *Ogden v. Maxwell*, 3 Blatch. 319; *Elliott v. Swartout*, 10 Peters, 137.

The cases on defendant in error's brief are clearly distinguishable; and see *State v. Nelson*, 41 Minnesota, 25; *Brisbane v. Dacres*, 5 Taunt. 153; *Dew v. Parsons*, 2 B. & A. 562.

On moral duress see: *Atkinson v. Denby*, 6 H. & N. 778; *Morgan v. Palmer*, 2 Barn. & Cress. 729, 734.

Payment under protest of illegal tax for privilege of doing or continuing in business and to avoid penalties

and disabilities incurred by refusal, is regarded as involuntary. *West. Union Tel. Co.* v. *Mayer,* 28 Oh. St. 521, 527, and 528; *Baker* v. *Cincinnati,* 11 Oh. St. 538; *Hendy* v. *Soule,* 1 Deady, 400; *Harvey & Boyd* v. *Town of Olney,* 42 Illinois, 336; *Virginia Coupon Cases,* 114 U. S. 270, 286.

*Mr. Archibald A. Lee,* with whom *Mr. Benjamin Griffith,* Attorney General of Colorado, was on the brief, for defendant in error:

The payment by plaintiff was voluntary and is not recoverable. *Radich* v. *Hutchins,* 95 U. S. 210, 213.

There was no need for the plaintiff to make payment to emancipate person or property from an existing duress, for, under the terms of the statute, the corporate existence, property or business of the plaintiff could not have been affected except upon determination of a suit which might, at the option of the attorney general, be instituted. *Lamborn* v. *County Commissioners,* 97 U. S. 181; *Railroad Co.* v. *Commissioners,* 98 U. S. 541, 543; *Little* v. *Bowers,* 134 U. S. 547; *Chesebrough* v. *United States,* 192 U. S. 253; *United States* v. *Cuba Mail S. S. Co.,* 200 U. S. 488; *Oceanic S. S. Co.* v. *Tappan,* 16 Blatchf. 296; *Benson* v. *Monroe,* 7 Cush. 125, 131; *Claflin* v. *McDonough,* 33 Missouri, 412; *Wolfe* v. *Marshal,* 52 Missouri, 167; *Baltimore* v. *Lefferman,* 45 Am. Dec. 145, 153; *Johnson* v. *Cook County,* 53 Oregon, 329; *Weber* v. *Kirkendall,* 4 Nebraska, 766, 770; *Sonoma County Tax Case,* 13 Fed. Rep. 789; 2 Cooley on Taxation (3d ed.), pp. 1495–1501.

The general rule is that where an unfounded and illegal demand is made upon a person and the law furnishes him with an adequate protection against it, or gives him an adequate remedy, and instead of taking what the law gives him or the remedy it furnishes, he pays what is demanded, such payment is deemed to be a voluntary one. 30 Cyc. 1311; *Manning* v. *Polling,* 114 Iowa, 20, 24, 27; *Wessel* v.

*Johnston Land Co.*, 3 N. Dak. 160; *DeGraff* v. *Ramsey County*, 46 Minnesota, 319.

The plaintiff could have enjoined any effort to enforce the collection of the tax. *Ludwig* v. *West Un. Tel. Co.*, 216 U. S. 146.

The plaintiff should have waited until an action was brought either to collect the tax or to suspend its right to do business, and should then in such action have raised the questions which it is attempted to raise in this suit as the basis of a right to recover, or should have proceeded by injunction. The fact that it paid under protest does not make the payment involuntary. *Railroad Co.* v. *Commissioners*, 98 U. S. 541, 544; *Swift & Company* v. *United States*, 111 U. S. 22.

The cases cited by plaintiff in error do not sustain its contention.

The plaintiff is not entitled to this remedy against this defendant. *Elliott* v. *Swartout*, 10 Peters, 137; *Davis* v. *Bader*, 54 Missouri, 168, 169; *Fish* v. *Higbee*, 22 R. I. 223, 224, 225; *King* v. *United States*, 99 U. S. 229.

If the defendant holds the money in wrong of the State, it is still the money of the State, and an action on behalf of the plaintiff will not lie to recover it of him. *Long* v. *Frue*, 104 U. S. 223; *Waters* v. *State*, 1 Gill, 302, 308.

Payment of a demand which can only be enforced by the decision of a court of justice is voluntary. *Maxwell* v. *San Luis Obispo*, 71 California, 466; *Southern Ry. Co.* v. *Mayor*, 141 Alabama, 493; *Betts* v. *Village*, 93 Michigan, 77; *Brewing Co.* v. *State*, 19 S. Dak. 302.

The plaintiff was protected by right to an injunction. *West. Un. Tel. Co.* v. *Andrews*, 216 U. S. 165.

The forfeiture of right to do business was not self-executing. *Matter of N. Y. & L. I. Bridge Co.*, 148 N. Y. 540, 547; *Frost* v. *Frostburg Coal Co.*, 24 Howard, 278, 283; *Galveston &c. Ry. Co.* v. *The State*, 81 Texas, 572, 595; *Briggs* v. *Canal Co.*, 137 Massachusetts, 71.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action to recover taxes paid under duress and protest, the plaintiff contending that the law under which the tax was levied is unconstitutional. A demurrer to the declaration was sustained by the Circuit Court. The tax is a tax of two cents upon each one thousand dollars of the plaintiff's capital stock. Session Laws of Colorado, 1907, c. 211 (April 1, 1907). The plaintiff is a Kansas corporation. The greater part of its property and business is outside of the State of Colorado, and of the business done within that State but a small proportion is local, the greater part being commerce among the States. Therefore it is obvious that the tax is of the kind decided by this court to be unconstitutional, since the decision below in the present case, even if the temporary forfeiture of the right to do business declared by the stat-'ute be confined by construction, as it seems to have been below, to business wholly within the State. *Western Union Telegraph Co.* v. *Kansas,* 216 U. S. 1. *Pullman Co.* v. *Kansas,* 216 U. S. 56. *Ludwig* v. *Western Union Telegraph Co.,* 216 U. S. 146. The defendant did not argue that the tax could be maintained, but contended only that the payment was voluntary and that the defendant is not the proper person to be sued.

It is reasonable that a man who denies the legality of a tax should have a clear and certain remedy. The rule being established that apart from special circumstances he cannot interfere by injunction with the State's collection of its revenues, an action at law to recover back what he has paid is the alternative left. Of course we are speaking of those cases where the State is not put to an action if the citizen refuses to pay. In these latter he can interpose his objections by way of defence, but when, as is common, the State has a more summary remedy, such as

distress, and the party indicates by protest that he is yielding to what he cannot prevent, courts sometimes perhaps have been a little too slow to recognize the implied duress under which payment is made. But even if the State is driven to an action, if at the same time the citizen is put at a serious disadvantage in the assertion of his legal, in this case of his constitutional, rights, by defence in the suit, justice may require that he should be at liberty to avoid those disadvantages by paying promptly and bringing suit on his side. He is entitled to assert his supposed right on reasonably equal terms. See *Ex parte Young,* 209 U. S. 123, 146. If he should seek an injunction on the principle of that case and of *Western Union Telegraph Co.* v. *Andrews,* 216 U. S. 165, he would run the same risk as if he waited to be sued.

In this case the law, beside giving an action of debt to the State, provides that every corporation that fails to pay the tax shall forfeit its right to do business within the State until the tax is paid, and also shall pay a penalty of ten per cent. for every six months or fractional part of six months of default after May 1 of each year. It may be that the forfeiture of the right to do business would not be authoritatively established except by a *quo warranto* provided for in a following section, but before or without the proceeding the effect of the forfeiture clause upon the plaintiff's subsequent contracts and business might be serious, (see *Ludwig* v. *Western Union Telegraph Co.,* 216 U. S. 146), and in any event the penalty would go on accruing during all the time that might be spent before the validity of the defence could be adjudged. As appears from the decision below, the plaintiff could have had no certainty of ultimate success, and we are of opinion that it was not called upon to take the risk of having its contracts disputed and its business injured and of finding the tax more or less nearly doubled in case it finally had to pay. In other words, we are of opinion that the pay-

ment was made under duress. See *Gaar, Scott & Co.* v. *Shannon,* decided this day, *post;* p. 468.

The other question is whether the defendant is liable to the suit. The defendant collected the money and it is alleged that he still has it. He was notified when he received it that the plaintiff disputed his right. If he had no right, as he had not, to collect the money, his doing so in the name of the State cannot protect him. *Erskine* v. *Van Arsdale,* 15 Wall. 75. See *Virginia Coupon Cases,* 114 U. S. 270. It is said that the money as soon as collected belonged to the State. Very likely it would have but for the plaintiff's claim, assuming it to remain an identified trust fund; but the plaintiff's claim was paramount to that of the State, and even if the collector of the tax were authorized to appropriate the specific money and to make himself debtor for the amount, it would be inconceivable that the State should attempt to hold him after he had been required to repay the sum. Moreover it would seem that the statute contemplated the course taken by the plaintiff and provided against any difficulty in which the Secretary of State otherwise might find himself in case of a disputed tax. For it provides by § 6 that 'if it shall be determined in any action at law or in equity that any corporation has erroneously paid said tax to the Secretary of State,' upon the filing of a certified copy of the judgment the auditor may draw a warrant for the refunding of the tax and the state treasurer may pay it. We must presume that a judgment in the present action would satisfy the law.

*Judgment reversed.*