TIBURCIO JIMÉNEZ, ETC., Plaintiff and Appellant, *v.* MANUEL V. DOMENECH, Defendant and Appellee.

No.6368. Argued May 22, 1934.—Decided September 29, 1934.

*Juan B. Soto* for appellant. *Benjamin J. Horton, Attorney General* and *R. Cordovés Arana, Assistant Attorney General,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The complaint filed herein literally copied reads thus:

"Tiburcio Jiménez, doing business under the style and firm name of Jiménez & Fernández Plaintiff, v. Manuel V. Domenech, Defendant. —Civil No. 18,065.

"COMPLAINT. Now comes the plaintiff, by his undersigned attorneys, and respectfully alleges:

"1. That the plaintiff is a merchant who does business under the firm name of Jiménez & Fernández.

"2. That during the term comprised between January 18, 1929 and December 18, 1930, the plaintiff, at the request of the defendant, the latter acting as Treasurer of Puerto Rico, delivered to the defendant, in several items and in payment of the stamps to which Sections 9 and 10 of Act No. 19, of April 19, 1928, refer, the total sum of $34,758.91, which the defendant received and has not returned to the plaintiff.

"3. That the plaintiff paid and delivered to the defendant the said sum, involuntarily and by reason of violence and duress, consisting in threats made to the plaintiff by the defendant and his agents to the effect that the plaintiff would be criminally prosecuted and that his business would be destroyed, in accordance with Section 22 of the aforesaid Act, if he failed to make the said payment and to deliver the above sum. And the plaintiff alleges that said payments and delivery of money were made by the plaintiff to the defendant with the sole object of avoiding such criminal prosecution and the destruction of his business, which latter consisted, at the time of paying and delivering said sum, of the purchase and sale of Puerto Rican and foreign coffee.

"4. That subsequently to the payment and delivery of said sum by the plaintiff to the defendant, to wit on March 31, 1931, the Supreme Court of Puerto Rico held that the aforesaid Act No. 19 of April 19, 1928, was unconstitutional and later the United States Circuit Court of Appeals for the First Circuit also held that said Act was unconstitutional.

"Wherefore the plaintiff prays this Honorable Court that judgment be rendered sentencing the defendant to refund and pay to the plaintiff the aforesaid sum of $34,758.91, plus interest and costs.

"San Juan, P. R., January 14, 1933.

JUAN, B. SOTO,
*Attorney for the Plaintiff.*"

The defendant filed the following demurrers to the complaint:

"1. That this court lacks jurisdiction to consider this suit by reason of the action herein brought, inasmuch as The People of Puerto Rico has not given its consent to be sued for the refund of taxes not paid under protest.

"2. That there is a lack of parties defendant, inasmuch as the present action is one really brought against The People of Puerto Rico, and instead of this the suit is filed against the Treasurer of Puerto Rico.

"3. That the complaint, as drawn, does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant.

"4. That the complaint does not state facts sufficient to constitute a cause of action, inasmuch as the action therein brought has prescribed in accordance with Section 3 of Act No. 8 of April 19, 1927, which provides for the payment of taxes under protest, establishes a procedure for the recovery and refund thereof, etc., and from the face of the complaint it apears that more than a year has elapsed from the date in which the payment of the taxes now claimed was made.

"For the foregoing reasons the defendant prays this Honorable Court that these demurrers be sustained and that the complaint be overruled with all other legal pronouncements, and sentencing the plaintiff to the payment of costs.

"San Juan, P. R., January 25, 1933.

"CHARLES E. WINTER,
*Attorney General,*

"R. CORDOVÉS ARANA,
*Deputy Attorney-General.*"

The court heard both parties, sustained the demurrers and granted the plaintiff permission to amend. Subsequently, at the request of the plaintiff the court rendered judgment dismissing the complaint without special pronouncement of costs. The plaintiff then took this appeal. In his brief he assigns six errors which he argues extensively and in an intelligent manner. The defendant in his stead impeaches the errors assigned and analyzes all the cases cited by the plaintiff with great ability. Both documents reveal a careful study of the facts and the law involved herein.

The District Court in its order sustaining the demurrers, expressed the reasons therefor. It seems proper to quote them. They read thus:

"It appears from the complaint that the defendant acted as Treasurer of Puerto Rico and that the issue is the refund of taxes paid by the plaintiff. The law applicable herein is Act No. 8 of April 19, 1927, relative to the payment of taxes under protest. The complaint does not allege that payment was made under protest and the action has clearly prescribed under said Act, inasmuch as more than a year has elapsed from the time payment was made to the date in which the complaint was filed.

"But plaintiff alleges in his brief that the complaint was brought against Manuel V. Domenech in his private capacity and not as Treasurer of Puerto Rico, because the Act on which the latter based the collection of the taxes was unconstitutional and void and because he was not entitled to demand and receive the taxes claimed. If the defendant acted as Treasurer of Puerto Rico, that is, as an agent of The People of Puerto Rico, in the collection of these taxes, he is not personally liable, there being no other law on which the complaint may be based to demand the refund of the amount paid than said Act No. 8 of 1927. In our opinion the remedy established by that Act is exclusive, even if it does not say so, as there is no other law on the subject.

"In *Atchison, Topeka & Santa Fe Railway Co.* v. *O'Connor*, 223 U. S. 280, 56 L. Ed. 436, on which the plaintiff largely bases his action, the facts differed from those herein, because while there the action was brought against Timothy O'Connor for the refund of the taxes levied under an unconstitutional law, as he acted in his official capacity as Secretary of State of Colorado, it is expressly said in the opinion written by Mr. Justice Holmes that the action is one brought for the recovery of taxes paid under protest and duress; that the defendant had collected the money and the same was still in his possession; and that in accordance with the law under which the tax was levied and collected, the state auditor could draw a warrant for the refunding of the tax, upon the filing of a certified copy of the judgment which decides that the corporation had erroneously paid the tax to the secretary of state.

"In accordance with Act No. 8 of April 19, 1927, payment must be made under protest and the action should be brought within the term of one year from the date of payment, and when final decision is rendered, if favorable to the taxpayer, the Treasurer of Puerto Rico shall proceed to return to him the amount directed in the decision, the same to be charged against any fund in the treasury not otherwise appropriated; but said action must be brought

against the Treasurer of Puerto Rico. The mere fear of being subject to judicial procedings is not enought to consider a payment as compulsory and besides, even if a threat of prosecution is shown, the payment must be made under protest. When money has been inadvertently paid to the Treasurer, under a mistaken claim of right, voluntarily and without protest, resort must be had to the Legislature to secure a repayment, and not to the courts, who have thus lost jurisdiction over the subject-matter.' *Guerra* v. *Treasurer of Puerto Rico,* 8 P.R.R. 280, 308.

''The case of *Alonso Riera & Co.* v. *Benedicto, Treasurer,* 32 P.R.R. 98, though referring to the former law relative to payment under protest, of March 9, 1911, decides the question, the facts thereof being quite similar to those of the present case. It was alleged therein that José E. Benedicto, as Treasurer of Puerto Rico, had demanded in accordance with the law of 1915, as amended in 1917, to protect Puerto Rican cigars from fraudulent misrepresentations, the issuance of stamps of guaranty in the packages or boxes containing the cigars; that from March 1918 to September 1919 the plaintiff paid the sums of money mentioned in the -complaint by purchasing and affixing such stamps; that the Act in whose virtue collection was made was held to be unconstitutional by the Circuit Court of Appeals on March 19, 1919; and that if the plaintiff had refused or failed to pay the stamps in accordance with the law and the instructions of the Treasurer, the latter would have attached and confiscated the packages, besides beginning the corresponding criminal prosecution; and it was held that the action for ·the refund of the taxes unlawfully collected by the Treasurer did not lie, inasmuch as the same had not been paid under protest and in view of the fact that the corresponding action had not been brought within the time fixed by law; and that the defendant was neither personally liable for any amounts that had come into the treasury; that he was not bound to pay with his private money the judgment that might be rendered against him in personal actions brought long after the remedy granted by law had expired, without any other compensation for this injustice than to wait till the next legislature establish whatever remedy it might deem proper.''

We think that the defendant is right. In spite of the great efforts of the appellant to show that he is not suing the Treasurer of Puerto Rico in his official capacity, the facts which he alleges speak by themselves and say that in the

collection of the taxes the Treasurer acts as a public officer in behalf of the People inasmuch as the taxes in question were collected for its benefit, and the plaintiff and appellant himself maintains that the fact that a judgment is rendered against the defendant does not mean that the said defendant necessarily has to pay out of his pocket the amount thereof, because we have an act dated February 12, 1904, which authorizes the auditor to issue a warrant in favor of the taxpayer for any amount which the latter may have unduly paid.

It is true that the case of *Atchison, Topeka & Santa Fé Railroad Co.* v. *O'Connor,* 223 U. S. 280, holds that an officer who has collected and retained an illegal tax (unconstitutional act) is responsible thereof in an action brought with the object of recovering same, but in said case payment was not only made under duress as alleged that it was done in this case, but also under protest, and therein concurred the most essential circumstance, which does not exist here, that the officer had in his possession the amount of the tax paid and whose recovery was claimed. We are not acquainted either with the law under which payment of the tax was made.

Under the circumstances concurring herein and in accordance with the laws in force in Puerto Rico, it is our belief that the real rule to be followed is that fixed by this Supreme Court in *Alonso Riera & Co.* v. *Benedicto, Treasurer,* 32 P.R.R. 98, cited and applied by the District Court in its order. The Treasurer is not personally liable. Manuel V. Domenech did not act in his personal capacity, but as a public officer, in the discharge of his official duties and under the apparent authority of the law which so far had not been declared unconstitutional, and "until a statute is held to be void by a court of competent jurisdiction, the officers entrusted with its execution ordinarily have the duty to enforce it," as stated by Ruling Case Law summing up the jurisprudence on the subject. 22 R.C.L. 457.

In this case not only the law had not been declared unconstitutional at the time the taxes were collected by the agents of the Treasurer and paid without protest by the plaintiff, but also according to a former decision of this Supreme Court (*Nazario* v. *Gallardo*, 40 P.R.R. 760) it had been held to be constitutional.

This being thus a claim against the Treasurer in his official capacity, from the facts alleged in the complaint, no right in favor of the plaintiff arises, inasmuch as more than a year elapsed from the date the payment was made and moreover because payment was not made under protest. This is so plain that a discussion thereof is unnecessary.

The same appellant admits this and that is why he insists over and over on the fact that his complaint has not been brought against the Treasurer but against Manuel V. Domenech. No specific law is cited in support of the latter. He maintains that his right "is based" on the universal principle of justice which establishes that no one should enrich himself at the expense of others.

The facts of the case reject the application of that principle. The defendant, Treasurer of Puerto Rico, collected from the plaintiff a tax amounting to $34,758.91 which the plaintiff paid without protest, without even stating in an informal manner that he does not agree thereto, and the Treasurer deposits that amount in the general funds of the Government to be spent for public purposes; and it is alleged that Manuel V. Domenech, a private person, should refund the tax paid in order that he may not enrich himself to the detriment of the taxpayer.

And even though it might be admitted that the action is one against Manuel V. Domenech, a private person, but that the judgment would not be paid by him but by the People and that in spite of that the suit would continue to be exclusively one against a private citizen so as to avoid the period of prescription and the payment under protest, even in that case the question would arise, in order to apply the principle

invoked that no one should enrich himself at the expense of others, of whether at the expense of anyone The People of Puerto Rico enriched itself by virtue of the unlawful collection of the tax, that that happened not at the expense of the plaintiff herein but at the expense of the consumer of coffee from whom the taxpayer beforehand charged the tax which he paid to the state.

Internal Revenues are in fact indirect taxes fixed on the consumer. For example, the procedure followed in cases of sales tax and gasoline tax is well known. This is a question which, as the appellee says in his brief, is being the object of serious consideration on the part of judges, jurists and legislators in the continent.

When governments wish to be just in cases of this nature, they act as Congress did in appropriating for the benefit of The People of Puerto Rico in general the amount that the customs of the nation unduly collected at the beginning of the change of sovereignty in accordance with the decisions in the insular cases. The tax payers who paid under protest were reimbursed directly in accordance with the decisions of the courts which held that the collection was unconstitutional, but no one who did not pay under protest and who failed to make the claim in due time brought suit later against the United States or its officers as such or individually for the refund of the sums by them collected and paid without protest.

The appeal will be dismissed and the judgment appealed from affirmed.