Tiburcio Jiménez, haciendo negocios bajo la denominación y firma comercial de Jiménez & Fernández, demandante y apelante, v. Hon. Manuel v. Domenech, demandado y apelado.

No. 6368.—*Sometido:* Mayo 22, 1934. *Resuelto:* Septiembre 29, 1934.

*Juan B. Soto.* abogado del apelante; *Hon. Procurador General Benjamin J. Horton* y *R. Cordovés Arana, Subprocurador,* abogados del apelado.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

La demanda presentada en este caso, copiada a la letra dice:

"Tiburcio Jiménez, haciendo negocios bajo la denominación y firma comercial de Jiménez & Fernández, demandante, vs. Hon. Manuel V. Domenech, demandado.—Civil No. 18065.—Demanda.— Comparece el demandante, por conducto de sus abogados que suscriben y respetuosamente alega:

"1.—Que el demandante es un comerciante haciendo negocios bajo la denominación de Jiménez y Fernández.

"2.—Que durante el período comprendido entre enero 18 de 1929 y diciembre 18 de 1930, el demandante, a requerimiento que le fué hecho por el demandado, actuando éste en su carácter de Tesorero de Puerto Rico, entregó a dicho demandado, en varias partidas, en pago de estampillas de las a que se refieren las secciones 9 y 10 de la Ley No. 19 aprobada el día 19 de abril de 1928, la suma total de $34,758.91, que el demandado recibió y no ha devuelto al demandante.

"3.—Que el demandante pagó y entregó al demandado dicha suma, involuntariamente y bajo violencia e intimidación consistentes en la amenaza hecha al demandante por el demandado y sus agentes de ser el demandante procesado criminalmente y de serle destruído su negocio de acuerdo con la sección 22 de dicha ley, de no proceder el demandante a efectuar el dicho pago y a entregar dicha suma, y alega el demandante que dichos pagos y entrega fueron hechos por el demandante al demandado con el sólo objeto de evitar que se le envolviera en tal proceso y que le fuera destruído su negocio, el cual consistía al tiempo de efectuar el pago y entrega de dicha suma en la compra y venta de café de Puerto Rico y del extranjero.

"4.—Que con posterioridad al pago y entrega de dicha suma por el demandante al demandado, o sea el día 31 de marzo de 1931, el Tribunal Supremo de Puerto Rico declaró inconstitucional la referida Ley número 19 de abril 19 de 1928, y, posteriormente dicha Ley fué declarada inconstitucional por la Corte de Circuito de Apelaciones para el Primer Circuito de los Estados Unidos.

"Por tanto a esta Hon. Corte suplica el demandante se sirva dictar sentencia condenando al demandado a devolver y pagar al demandante la expresada suma de $34,758.91, sus intereses y costas.

"San Juan, P. R., a 14 de enero de 1933.

"(Fdo.)   Juan B. Soto,
"Abogado del demandante."

A la demanda opuso el demandado las siguientes excepciones previas:

"1.—Porque esta corte no tiene jurisdicción para conocer de este pleito por razón de la acción en que el mismo se ejercita, por cuanto El Pueblo de Puerto Rico no ha prestado su consentimiento para ser demandado en devolución de contribuciones que no hayan sido pagadas bajo protesta.

"2.—Porque existe un defecto de parte demandada por cuanto la acción que se ejercita es una realmente contra El Pueblo de Puerto Rico y en lugar de esta entidad se demanda al Tesorero de Puerto Rico.

"3.—Porque la demanda, tal como está redactada, no aduce hechos suficientes constitutivos de causa de acción a favor del demandante y en contra del demandado.

"4.—Porque la demanda no aduce hechos suficientes para determinar una causa de acción, porque la acción que en ella se ejercita está prescrita a tenor de la sección 3 de la Ley No. 8 de abril 19 de 1927, disponiendo el pago de contribuciones bajo protesta, estableciendo un procedimiento para el cobro y devolución de las mismas, etc., por cuanto aparece de la faz de la demanda que ha transcurrido más de un año desde que se hizo el pago de la contribución que ahora se reclama.

"POR LAS RAZONES EXPUESTAS el demandado a esta Hon. Corte suplica que declare con lugar nuestras excepciones previas y sin lugar la demanda, con los demás pronunciamientos de ley y con las costas al demandante.

"San Juan, Puerto Rico, 25 de enero de 1933.

"(Fdo.) Charles E. Winter,
Procurador General.

(Fdo.) R. Cordovés Arana,
Subprocurador."

Oyó la corte a ambas partes y declaró con lugar las excepciones concediendo al demandante permiso para enmendar. Luego, a solicitud del propio demandante, dictó sentencia desestimando la demanda, sin especial condenación de costas. El demandante entonces interpuso el presente recurso de apelación. En su alegato señala la comisión de seis errores que argumenta extensa e inteligentemente. A su vez en su alegato el demandado impugna los errores señalados y analiza todos los casos citados por el apelante con verdadera maestría. Ambos documentos revelan un detenido estudio de los hechos y la ley envueltos en el caso.

La corte de distrito en la propia resolución por virtud de la cual declaró con lugar las excepciones, expresó

los fundamentos que tenía para ello. Parece oportuno transcribirlos. Son así:

"De la demanda aparece que el demandado actuó en su capacidad de Tesorero de Puerto Rico, y que se trata de la devolución de contribuciones pagadas por el demandante. La ley aplicable es la No. 8, de 19 de abril de 1927, sobre pago de contribuciones bajo protesta. En la demanda no se alega que el pago se hiciera bajo protesta y la acción claramente está prescrita de acuerdo con dicha ley por haber transcurrido más de un año desde que se verificó el pago hasta la presentación de la demanda.

"Pero sostiene el demandante en su alegato que la demanda va dirigida contra Manuel V. Domenech en su carácter particular y no como Tesorero de Puerto Rico, porque la ley en que se amparó para efectuar el cobro era inconstitucional e ineficaz y no tenía derecho a cobrar y recibir la contribución reclamada. Si el demandado actuó como Tesorero de Puerto Rico, o sea como un agente del Pueblo de Puerto Rico en el cobro de la contribución, no es particularmente responsable, no existiendo otra ley en que se base la demanda para la devolución de lo pagado que la No. 8, de 1927, citada. Nos parece que el remedio que establece esa ley es exclusivo, aunque expresamente no lo determina, por no existir otro en ley.

"El caso de *Atchinson Topeka & Santa Fe Railway Co.* vs. *O' Connor*, 223 U. S. 280, 56 L. Ed. 436, en que principalmente se funda el demandante, los hechos son distintos al presente, pues allí, si bien se estableció la acción contra Timothy O'Connor para la devolución de la contribución impuesta bajo una ley anticonstitucional, habiendo él actuado en su carácter oficial como Secretario de Estado de Colorado, expresamente se dice en la opinión escrita por el Juez Holmes que la acción es una para recobrar contribuciones pagadas compulsoriamente y bajo protesta; que el demandado había cobrado el dinero y estaba aún en su poder; y que, de acuerdo con la ley bajo la cual la contribución fué impuesta y cobrada, podía el Auditor del estado expedir un libramiento de pago para la devolución de la suma pagada, al presentársele copia certificada de la sentencia resolviendo judicialmente que la corporación había erróneamente pagado la contribución al Secretario de Estado.

"De acuerdo con la Ley No. 8 de 19 de abril de 1927, citada, el pago debe hacerse bajo protesta, y la acción establecerse dentro del plazo de un año a partir de la fecha del pago, y cuando hubiere una decisión en un pleito para la devolución de contribuciones pagadas bajo protesta, si fuere favorable al contribuyente, el Tesorero pro-

cederá a reintegrar la suma que se ordene en la sentencia con cargo a cualquier fondo existente en tesorería no destinado a otras atenciones; pero la acción debe dirigirse contra el Tesorero de Puerto Rico. El mero temor de estar una persona expuesta a procedimientos judiciales, no es suficiente para dar el carácter de compulsorio a un pago, y, además, aunque se demuestre una amenaza de persecución, dicho pago debe hacerse bajo protesta. Y cuando sin protesta se hace el pago al Tesorero, 'en virtud de una errónea reclamación de derecho, se debe recurrir a la legislatura para conseguir la restitución y no a los tribunales de justicia que de este modo han perdido su jurisdicción sobre el asunto de que se trata.' *Guerra* v. *Tesorero de Puerto Rico*; 8 D.P.R. 292, 321.

"El caso de *Alonso Riera & Co.* v. *Benedicto, Tesorero,* 32 D.P.R. 107, aunque con referencia a la anterior ley de pago bajo protesta, de marzo 9, 1911, resuelve la cuestión, siendo los hechos bastante parecidos. En ese caso se alegó que José E. Benedicto, en su carácter de Tesorero de Puerto Rico, había exigido de acuerdo con la ley de 1915, enmendada en 1917, para proteger los cigarros de Puerto Rico contra falsificaciones, la fijación de estampillas de garantía en los paquetes o cajas de tabaco; que desde marzo de 1918 a septiembre de 1919, los demandantes estuvieron pagando las cantidades de dinero relacionadas en la demanda mediante la compra y fijación de las estampillas; que la ley por virtud de la cual se hizo el cobro fué declarada anticonstitucional por la Corte de Circuito de Apelaciones en marzo 19, 1919; y que si los demandantes hubieran rehusado o dejado de pagar las estampillas de acuerdo con la ley y lo ordenado por el Tesorero, éste hubiera embargado y confiscado los paquetes, además de iniciar el proceso criminal correspondiente; y se resolvió que no procedía la acción contra el Tesorero para la devolución de las contribuciones cobradas por él ilegalmente, por no haberse satisfecho las mismas bajo protesta, ni establecido la acción dentro del término prescrito en la ley; y que tampoco quedaba sometido el demandado a responsabilidad personal alguna por cantidades ingresadas de tal modo en el Tesoro, ni estaba obligado a pagar con su dinero particular aquellas sentencias que pudieran dictarse contra él en acciones personales establecidas mucho después de haberse perdido el remedio concedido en la ley, sin más compensación por esta injusticia que esperar la conveniencia de que la Asamblea Legislativa sucesiva establezca el remedio que creyere procedente."

Creemos que asiste la razón al demandado. Por más esfuerzos que hace el apelante para demostrar que no de-

manda al Tesorero de Puerto Rico en su carácter oficial, los hechos que alega hablando por sí mismos dicen que el Tesorero actuó al cobrar las contribuciones como un funcionario público en beneficio de El Pueblo, ya que para él se cobraron las contribuciones de que se trata y el mismo demandante y apelante sostiene que el hecho de que se dicte una sentencia contra el demandado no implica que éste necesariamente tenga que pagar de su peculio el importe de la misma porque existe la ley de febrero 12, 1904, que autoriza al Auditor para librar una orden de pago a favor del contribuyente por la cantidad que indebidamente hubiere pagado.

Es cierto que en el caso de *Atchinson Topeka & Santa Fe Railway Co.* v. *O'Connor*, 223 U. S. 280, se resuelve que un funcionario que ha cobrado y retenido una contribución ilegal (estatuto anticonstitucional) es responsable de la misma en una acción interpuesta con el objeto de recobrarla, pero en dicho caso el pago se hizo no sólo bajo compulsión como se alega que se hizo en éste, sino bajo protesta, concurriendo en él la circunstancia esencialísima que aquí no concurre de que el funcionario tenía en su poder el importe de la contribución satisfecha y reclamada. Tampoco conocemos la ley bajo la cual se hizo el pago de la contribución.

Bajo las circunstancias que en este caso concurren y de acuerdo con las leyes en vigor en Puerto Rico creemos que la verdadera pauta a seguir fué la fijada por esta Corte Suprema en el caso de *Alonso Riera y Co.* v. *Benedicto, Tesorero*, 32 D.P.R. 107, citado y aplicado por la Corte de Distrito en su resolución. No cabe exigir responsabilidad personal al Tesorero. Manuel V. Domenech no actuó personalmente, sino como funcionario público, en el cumplimiento de sus deberes oficiales y bajo la aparente autoridad de una ley que no había sido aún declarada anticonstitucional, y "Hasta que un estatuto es declarado nulo por un tribunal competente, tienen ordinariamente el deber de cumplirlo los funcionarios encargados de su ejecución," como dice Ruling

Case Law resumiendo la jurisprudencia sobre el particular. 22 R.C.L. 457.

En este caso no sólo no se había declarado la ley anticonstitucional cuando las contribuciones fueron cobradas por los agentes del Tesoro y pagadas sin protesta por el demandante si que por una previa decisión de esta Corte Suprema, *Nazario* v. *Gallardo,* 40 D.P.R. 795, había sido declarada constitucional.

Tratándose, pues, como se trata de una reclamación contra el Tesorero en su carácter oficial, no surge de los hechos alegados derecho alguno en pro del demandante porque transcurrió más de un año desde la fecha del pago y porque no se pagó bajo portesta. Esto es tan claro que no es necesario discutirlo.

Así lo reconoce el mismo apelante y por eso insiste una y otra vez en que no demanda al Tesorero, sino a Manuel V. Domenech. No cita ley concreta alguna que sostenga su teoría. Sostiene que su derecho "descansa en el principio universal de justicia que establece que nadie debe enriquecerse a costa de otro."

Los propios hechos de este caso rechazan la aplicación de ese principio. El demandado, Tesorero de Puerto Rico, cobra al demandante una contribución ascendente a $34,758.91 que el demandante paga sin protesta, sin manifestar siquiera de modo informal que no está conforme, y el Tesorero la ingresa en los fondos generales del Gobierno para ser gastada en atenciones públicas; y se sostiene que Manuel V. Domenech, individuo particular, debe devolver la contribución cobrada a fin de que no se enriquezca en perjuicio del contribuyente.

Y aunque se pudiera admitir que el pleito es contra Manuel V. Domenech, ciudadano particular, pero que la sentencia no sería pagada por él sino por el Pueblo y que no obstante ser ello así el pleito continuaba siendo uno exclusivamente contra un ciudadano particular a fin de eludir el período prescriptivo y el pago bajo protesta, aun así surgiría

la cuestión, a los efectos de la aplicabilidad del principio invocado de que nadie debe enriquecerse a costa de otro, de si a costa de alguien se enriqueció el Pueblo a virtud del cobro ilegal de la contribución, no lo fué a costa del contribuyente demandante sino a costa de los consumidores de café a quienes el contribuyente de antemano cobró el impuesto que satisfizo al Estado.

Las contribuciones de rentas internas son en verdad contribuciones indirectas que gravitan sobre el consumidor. Es bien conocido por ejemplo el procedimiento que se sigue en los casos de la contribución sobre ventas y del impuesto sobre la gasolina. Es ésta una cuestión, que, como dice el apelado en su alegato, está siendo objeto de seria consideración por parte de magistrados, juristas y legisladores en el continente.

Cuando los gobiernos quieren ser justos en casos de esta naturaleza proceden como procedió el Congreso al asignar para beneficio del Pueblo de Puerto Rico en general la cantidad que las aduanas de la nación cobraron ilegalmente a principios del cambio de soberanía de acuerdo con lo resuelto en los casos insulares. Los contribuyentes que pagaron bajo protesta fueron reintegrados directamente de acuerdo con las decisiones de las cortes declarando anticonstitucional el cobro, pero a nadie que no pagó bajo protesta y reclamó en tiempo se le ocurrió demandar luego al Pueblo de los Estados Unidos o a sus funcionarios en su carácter de tales o individualmente para que se le devolviera lo que le cobraron y pagó sin protesta.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*