## AMERICAN SECURITY & TRUST CO. v. DISTRICT OF COLUMBIA.

### No. 45-50.

United States District Court
District of Columbia.

June 20, 1950.

G. B. Craighill and Llewellyn C. Thomas, of Washington, D. C., for plaintiff.

Vernon West and Harry L. Walker, of Washington, D. C., for defendant.

MATTHEWS, District Judge.

The plaintiff bank seeks recovery of taxes allegedly paid by it involuntarily after such taxes were illegally or erroneously assessed by the District of Columbia over and above the amount actually due. The District of Columbia seeks dismissal of the complaint on the ground that the taxes were paid voluntarily and hence that the court is without jurisdiction to grant the plaintiff any relief, the common law rule being that the taxpayer cannot challenge the validity of taxes and recover taxes paid unless the payment was made involuntarily.

The specific charge of plaintiff is (1) that defendant improperly imposed a tax of six per cent of plaintiff's gross earnings when only four per cent was proper and (2) that the defendant included as gross earnings items which should have been excluded.

Sections 1701 and 1703 of Title 47 of the District of Columbia Code relate to taxation of banks and trust companies. Section 1701 imposes a tax of six per cent of gross earnings upon "each national bank and all other incorporated banks and trust companies." Section 1703 provides that "Incorporated savings banks paying interest to their depositors" shall pay upon their gross earnings, less the sums paid as interest to their depositors, an annual tax of four per cent. The plaintiff asserts that it is engaged in a general banking business including the business of receiving saving deposits upon which it pays interest to depositors; that the assessment in issue was at the rate of six per cent of gross earnings; that the more favorable assessment authorized by Section 1703 was erroneously denied plaintiff; that plaintiff paid the higher assessment under compulsion and duress to avoid penalties and collection by distraint.

The taxes in controversy were paid in 1945, 1946 and 1947. In June 1946 the

United States Court of Appeals for the District of Columbia Circuit in the *first* Hamilton National Bank case, Hamilton Nat. Bank v. Dist. of Columbia, reported in 81 U.S.App.D.C. 200, 156 F.2d 843, held that where national banks and savings banks in the District engage in both saving account and commercial banking business it is improper for the taxing authorities to discriminate and classify some as savings banks and refuse so to classify the others. But some of the taxing authorities [1] paid no attention to that edict of the court as in the *second* Hamilton National Bank case which was decided in 1949 and reported in D.C. Cir., 176 F.2d 624, 628, the court says:

"The actual situation of the state and national banks with respect to taxation is exactly as it was before we wrote our opinion in Hamilton National Bank v. District of Columbia; that is to say, national banks are being taxed under § 1701 and state banks are being taxed under the second paragraph of § 1703. * * *

"So long as the taxing authorities of the District of Columbia classify as 'incorporated savings banks' the state-chartered commercial banking institutions which have interest-bearing savings deposits, and impose upon them the form of taxation set up in § 1703, the national banks in the District which have interest-bearing savings deposits must be classified and taxed in the same manner."

▉ The common law rule is that the taxpayer cannot challenge the validity of the tax and recover taxes paid unless the payment was made involuntarily. The question here is—were the taxes paid involuntarily? To determine that question it is necessary to consider the surrounding circumstances. At the time of payment plaintiff was aware of the discriminatory interpretation of taxing statutes by the authorities so as to tax national banks at one rate and other banks at another rate despite their conduct of practically identical businesses under similar conditions. Plaintiff was also aware that defendant in pending litigation and otherwise was vigorously resisting the correction of such discriminatory interpretation, and even after the first Hamilton National Bank decision some taxing authorities continued to do exactly the thing the court in that case said could not legally be done.[2] Efforts by plaintiff to get relief from the taxing authorities were futile. Plaintiff was faced with the prospect of heavy penalties—one per cent per month—as well as summary distraint of property for failure to pay. D.C.Code, Title 47, Secs. 1209 and 1301. Banking is a highly vulnerable business, and dependent upon the good will and patronage of the public. Obviously plaintiff could not afford to run the risk of being publicized as a tax delinquent or of having its property distrained. Plaintiff and defendant were not on terms of equality. Plaintiff was a mere taxpayer. Defendant was clothed with official authority, and under the existing conditions plaintiff as constrained to pay the taxes demanded. In paying the challenged taxes the plaintiff in writing protested to the defendant that the taxes were illegal, irregular and discriminatory, and that they were paid under duress and compulsion. The court is of the opinion that under the circumstances it cannot fairly be said that the taxes were voluntarily paid.

The motion to dismiss the complaint will be denied.

1. The Assessor re-examined the status of banks relative to taxation and concluded that there is no bank in the District properly classifiable as an "incorporated savings bank paying interest to its depositors", and proceeded to apply to *all* banks the higher rate of taxation. But thereafter the Board of Tax Appeals set aside some of the assessments so made, holding that state-chartered banks paying interest to their depositors are properly taxable at the lower rate as incorporated savings banks but that national banks paying interest to their depositors must pay the higher rate.

2. Hamilton Nat. Bank v. District of Columbia, D.C.Cir., 176 F.2d 624 at page 627.