## DISTRICT OF COLUMBIA v. AMERICAN SECURITY & TRUST CO.

## DISTRICT OF COLUMBIA v. WASHINGTON LOAN & TRUST CO.

### Nos. 11263, 11264.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 29, 1952.

Decided Jan. 22, 1953.

Petition for Rehearing in Banc Denied
March 20, 1953.

Harry L. Walker, Asst. Corp. Counsel for District of Columbia, Washington, D. C., with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and George C. Updegraff, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellant.

G. Bowdoin Craighill, Washington, D. C., with whom Llewellyn C. Thomas, Washington, D. C., was on the brief, for appellee American Security & Trust Co.

Frederick M. Bradley, Washington, D. C., with whom James Bruce Kellison, 801 Colorado Bldg., Washington, D. C. was on the brief, for appellee Washington Loan & Trust Co.

Before EDGERTON, WILBUR K. MILLER, and BAZELON, Circuit Judges.

EDGERTON, Circuit Judge.

These appeals are from separate judgments allowing appellee Trust Companies to recover overpayments of taxes. In each case taxes had been assessed, demanded, and paid at the rate of 6% of gross earnings, without deduction of interest paid on savings deposits. Appellant does not now dispute that the rate should have been 4% of gross earnings after deduction of interest paid on savings deposits. D.C.Code 1951, § 47–1703, 32 Stat. 619, 33 Stat. 564; Hamilton Nat. Bank v. District of Columbia, 81 U.S.App.D.C. 200, 156 F.2d 843; Hamilton Nat. Bank of Washington v. District of Columbia, 85 U.S.App.D.C. 109, 176 F.2d 624.

Appellees made the overpayments under protest and, they said, "involuntarily" or "under duress". The Hamilton litigation

had not then been concluded and it was not clear the assessments were wrong. If appellees had not paid they would have risked penalties of 1% a month and summary distraint of their property. D.C. Code 1951, §§ 47–1209, 47–1301, 45 Stat. 1227, 32 Stat. 621. As the District Court has said, 91 F.Supp. 713, 714, "Obviously plaintiff could not afford to run the risk of being publicized as a tax delinquent or of having its property distrained." The payments were therefore involuntary in the legal sense. "To say that a man who pays money must be held to have acted freely unless he did it under pressure of *immediate* and *urgent necessity*, suggests a high standard of pluck and manhood, but in transactions with the Government it is not a fair and reasonable test. When a demand is made by an official, known to have at his back, even though he may not threaten to use them, the penalties of law, the individual citizen does not stand on an equal footing * * *." Hill v. District of Columbia, 1889, 7 Mackey 481, 489–490, 18 D.C. 481, 489–490.

The narrower view this court adopted, Judge Stephens dissenting, in Blanks v.

Hazen, 1936, 66 App.D.C. 118, 85 F.2d 284, was based on Railroad Company v. Commissioners, 1878, 98 U.S. 541, 25 L.Ed. 196. But the Hill case, supra, had noted in 1889 that "The law on this question has been differently * * * stated in later decisions of the Supreme Court * * *", 7 Mackey at page 486, and the Supreme Court has since followed those "later" decisions. Atchison, Topeka & Santa Fe Railway Co. v. O'Connor, 1912, 223 U.S. 280, 32 S.Ct. 216, 56 L.Ed. 436; Union Pacific Railroad Co. v. Public Service Commission of Missouri, 1918, 248 U.S. 67, 39 S.Ct. 24, 63 L.Ed. 131. Blanks v. Hazen, supra, is therefore overruled.

The modern tendency is reflected in an Act of Congress of July 10, 1952 which amends the District of Columbia Revenue Act of 1937 by providing that "Where there has been an overpayment of any tax, the amount of such overpayment shall be refunded to the taxpayer." 66 Stat. 546. We need not consider whether the statute covers this case.

We have considered appellant's other contentions but find no error.

Affirmed.