Case 56.—ACTION BY J. B. BAZELL AGAINST F. M. DAUGHERTY ON HIS OFFICIAL BOND AS COUNTY ASSESSOR, FOR DAMAGES FOR ERRONEOUSLY ASSESSING HIS PROPERTY.—Oct. 9.

## Daugherty, &c v. Bazell.

Appeal from Pike Circuit Court.

A. J. KIRK, Circuit Judge.

Judgment for Plaintiff. Defendants appeal. Reversed.

Taxation—Erroneous Assessment—Action of Taxpayer Against Assessor—Necessary Allegations—An action can not be maintained by a taxpayer against a county assessor, for damages for erroneously assessing his property, in the absence of an allegation that the assessor, in making the assessment, acted corruptly or maliciously.

J. M. YORK, N. J. AUXIER and J. S. CLINE, attorneys for appellants.

POINTS AND AUTHORITIES.

The appellants insist that this cause should be reversed for the following reasons:

1. The acts of an assessor in the assessment of property of individuals are quasi judicial, and no right of action attaches to an individual for damages for erroneous or wrongful assessment, unless the assessor acts maliciously.

Daugherty, &c. v. Bazell.

2. The petition and amended petition failed to state in either allegation therein that the appellant, as assessor, acted maliciously, corruptly or from impure motives, or that the assessment was made by him, appellant, maliciously.

3. That an assessor acts judicially and his acts can not be questioned, or he be held responsible, without a charge of malice, corruption or impure motives.

4. An assessor does not look to each individual tax payer for his fees, but, instead, is paid out of a general fund, while on the other hand a sheriff looks to each individual litigant for his fees, and the law wisely makes him, the sheriff, responsible to the litigant or citizen.

5. That the demurrer should have been sustained to the petition and amended petition.

6. That the petition and amended petition does not set up allegations sufficient to base the judgment upon.

7. That an assessor is only responsible for malicious acts, and for acts from impure and corrupt motives, and in making the assessment of appellee the assessor acted within the scope of his authority.

8. That an exception was taken to the ruling of the court in overruling demurrer to petition and amended petition. (4 Bibb, 28).

### CITATIONS.

Cooley on Taxation, pages 786, 787, 788 and 789; Cooley on Torts, pp. 410 and 411; Gould v. Hammond, 1 McAllister, 235; 5 Waits Actions and Defenses, sec. 3, page 30.

ROSCOE VANOVER and J. F. BUTLER attorntys for appellee.

1. It will be contended by the appellants that the acts of the assessor are "quasi judicial," and, acting in this "quasi judicial" capacity he is not liable for any of his official acts.

2. We contend that the law that his acts are quasi judicial would apply in a case where the assessor exercised his judgment in determining the value of the property assessed by him, and if this was his true judgment as to the value of the property he could not be liable, however erroneous his judgment might have been, but this doctrine could have no application for negligently failing to do his duties and causing the injuries complained of.

OPINION BY JUDGE O'REAR—Reversing.

Appellee, a taxpayer of Pike county, sued appellant, Daugherty, assessor of Pike county, on his official bond for damages because the assessor erroneously

and, it is said, negligently assessed appellee for taxes
with about $70,000 more of property than he owned,
whereby appellee was put to loss and costs, to have
the assessment corrected, in the court having juris-
diction of the matter.   The question presented for
decision on this appeal is the sufficiency of the peti-
tion, which stakes the plaintiff's (appellee's) case on
the negligence of the county assessor in the matter.
The petition admits that the taxpayer did not himself
list his own property for taxation.  Nor does it dis-
close what evidence the assessor had before him con-
cerning the quantity and value of the plaintiff's
property.  The petition only shows that the property
assessed was sawed lumber, which it avers was worth
not exceeding $6,000, but that the assessor negligently
failed to make diligent and proper inquiry thereof,
whereby he failed to get the truth, and erroneously
and wrongfully overvalued plaintiff's property, as
stated.   The petition does not show why the taxpayer
failed to himself give in the list of his property for
assessment.  While the statute makes it the duty of
the county assessor to call upon each taxpayer in the
county in person, or by deputy, and to obtain from
him a correct list and valuation of all his taxable
property, it is equally the duty of the taxpayer to list
his property with the assessor (section 4056, Ky. St.
1903), and, if by any reason this is not done, he is
required by statute to go before the county court
clerk and list his property.   Section 4064, Ky. St.
1903.  Nor is the assessor confined to the statements
of the taxpayer.   He may have recourse to other
sources of information, including the testimony of
witnesses (section 4053, Ky. St. 1903) in ascertaining
the value of the taxpayer's property.  In this he exer-
cises his judgment as well as his discretion as to what
evidence he will call for and consider.  The act of
valuation partakes of a judicial quality.  If the
assessor could be held personally liable for every
error of judgment in valuing property, which the

statute requires him to value, not alone from the taxpayer's oath, but from his own information and any other evidence which may be adduced, his position would be a most hazardous one. The fear of such accountability would tend to make him place the lowest valuation on the property, as in that way only could he surely escape the displeasure of the exacting taxpayer. On the other hand, if the taxpayer had the right to hold the assessor legally liable for an erroneous judgment in valuing the property too high, the people, the State and county, could upon the same principle hold him liable if he erroneously valued it too low. The main ingredient of the quality of judgment is independence. One called upon to exercise his judgment as a public official, when acting honestly, should feel immune from personal responsibility. Else his act would not be his judgment, but in some degree self-serving and to that extent likely to be biased. Hence it is universally held that for erroneous judgment no public official shall be called to account in a law suit, so long as he acts honestly. Sound public policy dictates the course as the one most likely to secure fearless and efficient judgment, where the exercise of judgment and discretion are vested. This is deemed to more than compensate, and we have no doubt it does, for the incidental loss and inconvenience sometimes suffered by those whose interests are prejudiced by an erroneous exercise of the judgment. Indeed, any other rule would be impossible of execution. For, after all, every disputed proposition must be settled by the exercise of somebody's judgment. And the one passing on it last might also be in error. So where would be the ultimate appeal for a settlement of the matter? The only limitation set on the rule is that the officer shall not act from an improper or corrupt motive. There is no charge in the petition in this case that the assessor acted corruptly or maliciously. His act was, for aught that

appears, within his jurisdiction, and, however errone-ous, is not the subject of a demand at law against him for the consequences to the complainant. The demurrer should have been sustained to the petition as amended.

Judgment reversed, and cause remanded for proceedings not inconsistent herewith.