SAMUEL ADLER, INC., Respondent, *v.* HOLTON V. NOYES, as Commissioner of Agriculture and Markets of the State of New York, Appellant.

Argued January 14, 1941; decided March 6, 1941.

*Robert G. Blabey* and *Milo R. Kniffen* for appellant.

*Samuel Rubin* for respondents.

LOUGHRAN, J. This is an appeal by the Commissioner of Agriculture and Markets from an affirmance of a judgment granted by the Albany County Court in this form: " Adjudged that the plaintiff, Samuel Adler, Inc., recover of the defendant, Holton V. Noyes, as Commissioner of Agriculture and Markets of the State of New York, the sum of $250, together with interest thereon from January 29th, 1937, amounting to the sum of $41.01, making a total of $291.10, together with the sum of $72 costs as taxed, making a total sum of $363.10, and that plaintiff have execution therefor." The Commissioner-appellant takes the ground that this judgment assumes to impose a liability upon the State of New York. If he is right in that position, the judgment is a nullity, because the State of New York has not consented that any action to recover a sum of money may be brought against it in any of its tribunals other than the Court of Claims (Court of Claims Act, §§ 12, 12-a [L. 1920, ch. 922, as amd.] see now §§ 8, 9 [L. 1939, ch. 860]).

Article 21 of the Agriculture and Markets Law (Cons. Laws, ch. 69) provides: " An applicant for a license to operate as a milk dealer shall file an application upon a blank prepared under authority of the commissioner * * *. Such application shall be accompanied by the license fee required to be paid." (§ 258.) " The commissioner shall deposit to his credit all license fees and other moneys collected by the division [of milk control] under this chapter in a responsible bank, banking house or trust company in the city of Albany which shall pay the highest rate of interest for such deposit. On or before the tenth day of each month the commissioner shall pay over to the department of taxation and finance, division of finance, all license fees received by the division

[of milk control] from those to whom licenses were issued during the preceding month and all other moneys received by the division during the preceding month. Such money shall be paid into the state treasury to the credit of the general fund." (§ 258-i.) (Cf. State Finance Law [Cons. Laws, ch. 56], § 121.)

Pursuant to these provisions, plaintiff on March 6, 1936, made application to a predecessor in office of the present Commissioner for a license to operate as a milk dealer tendering therewith the requisite fee of $250. This application was denied on September 2, 1936. Plaintiff's subsequent demand for a return of the amount of the fee so transmitted had no result. These facts were set forth in the complaint in this action which was thereafter brought by the plaintiff in the Albany County Court. The foregoing judgment followed and has been affirmed by the Appellate Division.

It will be noticed that license fees received " from those to whom licenses were issued " were the only license fees which the statute directed the Commissioner to pay over for deposit in the State Treasury. Stressing this aspect of the statute, the County Court reasoned that " therefore upon the denial of an application for a license, a demand for the return of the money so deposited is not in a strict sense an application for a refund, but rather for the return of the moneys deposited conditionally." On that interpretation, the Commissioner was found to be suable personally as a wrongful possessor of " the " money of the plaintiff. We think we should not assent to this conception of the nature of the controversy.

The statute commanded the Commissioner in the first instance to deposit to his credit in a single fund all moneys collected by the Division of Milk Control. The fee paid by this plaintiff was absorbed into that general fund and had thereafter no severable character. This action was one to compel restitution to the plaintiff of an equivalent of that payment. But the Commissioner had no authority to repay the plaintiff. Any duty to make such reimburse-

ment was a duty of the State. The Legislature has now made this plain. (See L. 1940, ch. 178.) The present record is consistent with no different idea. The Commissioner was sued by the title of his office. The judgment accosts him in his official status. The State is the real defendant here.

The judgments should be reversed and the complaint dismissed, with one bill of costs in all courts in this case and in *Adler's Quality Milk, Inc.*, v. *Noyes* (285 N. Y. 625), decided herewith.

LEHMAN, Ch. J., FINCH, LEWIS, CONWAY and DESMOND, JJ., concur; RIPPEY, J., dissents.

Judgments reversed, etc.