OAKLEY COUNTRY CLUB *vs.* HENRY F. LONG.

Middlesex.    October 4, 1949. — December 6, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Taxation,* Commissioner of corporations and taxation, Invalid tax, Meals tax.  *Constitutional Law,* Money received on account of the Commonwealth.  *Public Officer.*

In the absence of anything to show the contrary, it must be presumed that the commissioner of corporations and taxation, previous to the bringing of an action against him personally in 1948 respecting meals taxes paid him as commissioner in 1942 and 1943, had paid such sums into the State treasury pursuant to art. 63, § 1, of the Amendments to the Constitution of the Commonwealth and G. L. (Ter. Ed.) c. 30, § 27.

An action of contract could not be maintained against the commissioner of corporations and taxation as an individual for a tax illegally exacted by him and paid by the plaintiff "under duress to avoid imposition of penalties," where the commissioner had paid the tax collected into the treasury of the Commonwealth and had committed no trespass in the sense of arrest of the person of the plaintiff or of seizure of his property and had caused him no loss other than the payment of the tax, which could have been recovered from the Commonwealth in a proceeding, seasonably brought, under G. L. (Ter. Ed.) c. 258.

CONTRACT.   Writ in the Superior Court dated February 9, 1948.

The action was heard by *Morton, J.*

*R. L. Mapplebeck,* for the plaintiff.

*W. S. Kinney,* Assistant Attorney General, for the defendant.

QUA, C.J.   This action represents an attempt on the part of the plaintiff to recover from Mr. Long personally (compare *Great Northern Life Ins. Co.* v. *Read,* 322 U. S. 47) certain sums paid by the plaintiff to the Commonwealth in the years 1942 and 1943 as meals taxes under color of G. L. (Ter. Ed.) c. 64B, inserted by St. 1941, c. 729, § 17.[1] The cause was submitted to the Superior Court upon a case

---

[1] See now St. 1946, c. 326.

stated and comes here by report without decision.   G. L. (Ter. Ed.) c. 231, § 111.

The sums in question were paid "on the claim of the Commissioner of Corporations and Taxation," who was the defendant Long.   As the law then stood, the commissioner's claim for the tax was "without warrant of law," as appears from the decision of this court in *Commissioner of Corporations & Taxation* v. *Chilton Club*, 318 Mass. 285, where the circumstances were similar.   The plaintiff applied for registration under c. 64B solely for the purpose of preventing the imposition of penalties.   It reserved all rights to contend that it was not subject to the provisions of the chapter and filed returns on the forms prepared by the commissioner and paid the taxes indicated thereon under protest.   These payments "were exacted without warrant and were paid under duress to avoid imposition of penalties."

In *Chilton Club* v. *Commonwealth*, 323 Mass. 543, we held that so many of these payments as were not barred by the three year limitation could be recovered from the Commonwealth under G. L. (Ter. Ed.) c. 258.   See c. 260, § 3A, as inserted by St. 1943, c. 566, § 1.   The plaintiff now seeks to recover from Mr. Long personally the payments which it could not recover from the Commonwealth because of the three year bar.   The question is whether Mr. Long is personally liable for illegal exactions made in his capacity as commissioner of corporations and taxation.

It is to be noted that the defendant has been guilty of no trespass in the sense of arrest of the person or of seizure of property.   This is simply a case where the plaintiff has paid money, not voluntarily, to be sure, but under a species of duress because of the penalty that might follow upon failure to pay.   See c. 64B, § 9; *Kirchner* v. *Pittsfield*, 312 Mass. 342, 345–346.   The plaintiff has suffered no injury or loss other than the loss of the money paid and interest thereon. We confine this decision to the case presented.

It will also be observed that the defendant in his official capacity as commissioner of corporations and taxation was both the assessor of the tax and the collector of it.   C. 64B,

§ 6. Payment was required to be made to him. §§ 2, 6. He was required to pay all sums collected by him "on account of the Commonwealth" into the treasury of the Commonwealth daily, or at least as often as weekly if duly established rules provided for weekly payments. Art. 63, § 1, of Amendments to the Constitution. G. L. (Ter. Ed.) c. 30, § 27. This includes sums "received . . . as excise" under c. 64B, § 10. We cannot doubt that the sums in question were received "on account of the Commonwealth" and "as excise," within the meaning of the Constitution and of the statute, even though they were illegally exacted. The obvious purpose of the constitutional amendment and of the statute precludes the idea that the commissioner could lawfully retain in his own hands sums received by him merely because there was, to his knowledge, doubt or dispute as to the legality of their exaction. See *Baker* v. *Commonwealth,* 312 Mass. 490, 493. In the absence of anything to show the contrary the commissioner must be presumed to have performed his duty of paying the sums in question into the treasury before this action was brought in 1948. *Horgan* v. *Boston Elevated Railway,* 208 Mass. 287, 288–289. *Flynn, petitioner,* 265 Mass. 310, 314. *Aetna Life Ins. Co.* v. *Commissioner of Corporations & Taxation,* 323 Mass. 657, 661. *Taylor* v. *United States,* 324 Mass. 639, 646–647. *State* v. *Maryland Casualty Co.* 189 S. C. 405, 411–412. *Higbie* v. *County of Los Angeles,* 47 Cal. App. (2d) 281.

It has been held in a number of other States that an officer charged with the collection of taxes is personally liable in an action of this kind at least so long as he retains the illegally exacted money in his possession and has not turned it over to the State or municipality in whose behalf he collected it. *Fiscal Court of Owen County* v. *F. & A. Cox Co.* 132 Ky. 738, 746–747. *Cox* v. *Welcher,* 68 Mich. 263. *Tuttle* v. *Everett,* 51 Miss. 27. Some jurisdictions go farther and hold him liable after he has turned over the money if it was originally paid to him under protest. *Seaboard Air Line Railway* v. *Allen,* 82 Fla. 191, 196–199. *Scottish Union & National Ins. Co.* v. *Herriott,* 109 Iowa, 606, 610–611.

*Atchison, Topeka & Santa Fe Railway* v. *O'Connor*, 223 U. S. 280, 287. See cases collected in 61 C. J. 1001–1002. The Restatement: Restitution, § 75, relieves the collector from liability after payment over, "if he is required by statute to make such payment over irrespective of protest." *Hartford Fire Ins. Co.* v. *Jordan*, 168 Cal. 270, 274. *Yazoo & Mississippi Valley Railroad* v. *Conner*, 188 Miss. 352, 363–364. *State* v. *Reynolds*, 270 Mo. 589, 601–602. *Pacific Livestock Co.* v. *Cochran*, 73 Ore. 417, 423. *Cary* v. *Curtis*, 3 How. 236. *Smietanka* v. *Indiana Steel Co.* 257 U. S. 1, 4. This seems a sound qualification upon the liability of collectors. If this rule governs, the defendant in this case is not liable because of having collected the tax.

In this Commonwealth it was early held that local collectors were not personally liable because they were protected by the assessors' warrant, except where the warrant was void on its face or where they proceeded beyond its scope. *Stetson* v. *Kempton*, 13 Mass. 272, 282. *Shaw* v. *Becket*, 7 Cush. 442, 444. *Lincoln* v. *Worcester*, 8 Cush. 55, 58–59. *Hays* v. *Drake*, 6 Gray, 387. *Cone* v. *Forest*, 126 Mass. 97. *Warr* v. *Collector of Taxes of Taunton*, 234 Mass. 279, 282–283. Assessors, however, were originally held personally liable for making illegal assessments. *Stetson* v. *Kempton*, 13 Mass. 272, 282–283. *Gage* v. *Currier*, 4 Pick. 399, 405. *Joyner* v. *School District Number Three in Egremont*, 3 Cush. 567, 570. This may have been an outgrowth of the methods of collection by arrest of the person or distress of goods, each of which constituted an active trespass deemed to have been committed at the command of the assessor. *Lincoln* v. *Worcester*, 8 Cush. 55, 58–59. But by St. 1823, c. 138, § 5, especially as more comprehensively phrased in Rev. Sts. c. 7, § 44, the responsibility of assessors, where the tax levy as a whole was duly voted and certified to them, was confined to their own "want of integrity and fidelity." *Baker* v. *Allen*, 21 Pick. 382. See now G. L. (Ter. Ed.) c. 59, § 87. On the other hand, the liability of the municipality to repay taxes received by it under a void assessment has been recognized from our earliest reports.

*Salem Iron Factory Co.* v. *Danvers,* 10 Mass. 514. *Amesbury Woollen & Cotton Manuf. Co.* v. *Amesbury,* 17 Mass. 461. *Sumner* v. *First Parish in Dorchester,* 4 Pick. 361, 364. *Preston* v. *Boston,* 12 Pick. 7. *Joyner* v. *School District Number Three in Egremont,* 3 Cush. 567. Since the collector was not liable, except for abuse of his warrant, and the responsibility of the assessors was cut down by the statute of 1823 so as to apply only to "want of fidelity and integrity," the remedy by payment and recovery back from the municipality has been for many generations the common, convenient, and ordinarily sufficient remedy for a wholly illegal assessment of local taxes. See *Shaw* v. *Becket,* 7 Cush. 442, 444–445; *Lincoln* v. *Worcester,* 8 Cush. 55; *Loud* v. *Charlestown,* 99 Mass. 208; *McGee* v. *Salem,* 149 Mass. 238, 242. It is unnecessary to add more recent citations regarding a procedure which has now become so familiar. This remedy is now regulated by G. L. (Ter. Ed.) c. 60, § 98. So far as we are aware no action resembling the present one has been brought for many years against any local collector or assessor. The remedy in all ordinary cases is by action against the municipality.

It can perhaps be argued that the commissioner, as an assessor, is personally liable on the same grounds on which local assessors were held liable in the early cases before the statute of 1823. But in our opinion, at least where there has been no actual trespass upon person or goods, it would be unfortunate at this late day to extend to the commissioner a personal liability which long ago ceased to have practical utility as applied to local assessors. See *Richards* v. *Treasurer & Receiver General,* 319 Mass. 672, 676. The commissioner stands in as great need of protection against personal liability as did the local assessors in 1823. He has many difficult decisions to make. He must be just to all persons with whom he deals as befits the dignity of the Commonwealth for which he is acting, but he must not be unduly timid in asserting the rights of the Commonwealth. His duty may sometimes lead him into doubtful territory.

Personal liability on his part is not necessary to secure the taxpayers' rights. Although c. 64B originally contained no provision for reimbursement of taxes illegally assessed, it was held in *Chilton Club* v. *Commonwealth*, 323 Mass. 543, that the taxpayer had a remedy by petition under c. 258. This was an adequate remedy. The taxpayer may be confined to it. *Burrill* v. *Locomobile Co.* 258 U. S. 34. *Anniston Manuf. Co.* v. *Davis*, 301 U. S. 337, 342–343. The plaintiff could have pursued that remedy before it was barred by the three year limitation. Chapter 64B, § 7, after the change in its wording brought about by St. 1946, c. 564, in itself provides for reimbursement "for any overpayment" through appeal to the Appellate Tax Board. These remedies are the counterpart of the remedy by action against the municipality in accordance with c. 60, § 98, in the case of local assessments. In other jurisdictions an assessor of taxes is not generally held personally liable for mistakes made in good faith in performing the quasi judicial duties imposed upon him. *Stevens* v. *Carroll*, 130 Iowa, 463. *Daugherty* v. *Bazell*, 123 Ky. 424, 427. *Meade* v. *Haines*, 81 Mich. 261. *Stewart* v. *Case*, 53 Minn. 62. *McDaniel* v. *Tebbetts*, 60 N. H. 497. *Williams* v. *Weaver*, 75 N. Y. 30. *Fuller* v. *Gould*, 20 Vt. 643, 650. See 51 L. R. A. (N. S.) 138.

Only two cases in our reports have any direct bearing upon an action of this kind against the commissioner. In *Bogigian* v. *Commissioner of Corporations & Taxation*, 256 Mass. 142, at pages 146–147, there is an intimation hardly short of a direct statement, that an action "under G. L. c. 60, § 98," that is to say, an action to recover back a tax paid, could not be maintained against the commissioner. Perhaps the case could have been decided without this intimation, but it would be difficult to say that it did not enter into the decision. In *Atlantic Pharmacal Co.* v. *Commissioner of Corporations & Taxation*, 294 Mass. 485, at page 487, in stating the remedies at law which were available to the plaintiff and which rendered a suit in equity unnecessary, the court mentioned among others the remedy by action against the commissioner personally for sums

illegally collected by him. This was not necessary to the decision but may have had some weight with the court. No authority was cited, but the court may have had in mind the early cases against local assessors, previously referred to in this opinion. We find it difficult to reconcile the language in the two cases last cited, and believing the question still open, we prefer for the reasons already set forth to settle it in accordance with what seems to be the general trend of authority and to hold that where the commissioner has committed no trespass and caused no loss other than the payment of money which could have been recovered back from the Commonwealth, he is not personally liable for repayment.

*Judgment for the defendant.*