A. F. YOERG et al., dba HIVIEW FARMS, appellants, v. IOWA DAIRY INDUSTRY COMMISSION, appellee.

No. 48357.

(Reported in 60 N.W.2d 566)

OCTOBER 20, 1953.

Prince & Guthrie, of Webster City, for appellants.

L. A. Hoegh, Attorney General, Clarence A. Kading, Assistant Attorney General, and Lehmann, Hurlburt, Blanchard & Cless, of Des Moines, for appellee.

OLIVER, J.—Chapter 179, Code of Iowa, 1950, provides for the creation of Iowa Dairy Industry Commission and specifies its various powers and duties with reference to dairy products and their promotion. Code section 179.5, as amended by Acts 1951 (54th G. A.) chapter 79, section 2, provides in part:

"Excise tax.

"1. There is hereby levied and imposed an excise tax of one cent per pound or fraction thereof upon all butterfat sold in the state during the period beginning May 1 and terminating June 30 inclusive, annually; * * *. * * *

"All taxes levied and imposed under this chapter, shall be paid to and collected by the secretary of the commission who shall remit to the treasurer of the state, quarterly, and at the same time render to the state comptroller an itemized and verified report showing the source from which said taxes were obtained. All such taxes collected and remitted shall be placed in a special fund by the treasurer of state, and the state comptroller, to be known as the 'Dairy Industry Fund', to be used by the Iowa dairy industry commission for the purposes set out in this chapter and to administer and enforce the laws relative thereto."

Chapter 79, 54th G. A., section 4, provides: "Any person from whom the excise tax provided in this chapter is collected may, by application filed with this commission within thirty (30) days after the collection from him of said tax, have said tax remitted to him by the commission."

The only defendant named in this case is Iowa Dairy Industry Commission, and the personal liability of the individual members of the commission is not involved.

Plaintiffs pleaded that: during the period May 1 to June 30, 1952, they produced and sold certain dairy products; dealers who purchased the same withheld $25.32 for butterfat tax under Code section 179.5, which tax such dealers paid to the secretary of defendant-commission; August 19, plaintiffs demanded that defendant remit to them the amount of the tax and defendant refused so to do; the tax was invalid because in violation of Article I, sections 1, 6 and 9, Article III, section 31, and Article VII, sections 1 and 7, Constitution of Iowa, and section 1 of the Fourteenth Amendment to the Constitution of the United States. They prayed judgment declaring their right to the remittance of the $25.32 and declaring the tax invalid and unconstitutional. By way of auxiliary relief they also prayed a writ of mandamus against defendant to compel such remittance.

Defendant filed a special appearance asserting the suit, although nominally against the commission, was, in substance, a suit against State of Iowa, itself, and setting up the immunity of the State and commission from the suit. Plaintiffs contended the suit was not against the State but was against the defendant-commission which had wrongfully collected and withheld the money under an unconstitutional statute. The trial court sustained defendant's special appearance. Hence, this appeal.

The general rule governing cases of this nature is thus stated in boldface in 81 C. J. S., States, section 216b(1), page 1311:

"Where a suit is brought against an officer or agency with relation to some matter in which defendant represents the state in action and liability and the state is the real party against which relief is sought so that a judgment for plaintiff will operate to control the action of the state or subject it to liability, the suit is in effect one against the state and cannot be maintained without its consent."

To the same effect is 49 Am. Jur., States, Territories and Dependencies, sections 92, 93 and 94, page 304 et seq..

In Bachman v. Iowa State Highway Comm., 236 Iowa 778, 783, 784, 785, 20 N.W.2d 18, 20, 21, a suit in the nature of mandamus to compel payment for crushed stone furnished the commission, the court, speaking through Justice Smith, sustained the special appearance of defendants in their official capacities as collectively constituting an agency or arm of the State and stated:

"The doctrine 'that a sovereign state may not be coerced by the exercise of judicial power' is fundamental and is well stated by Justice Evans in Hollingshead Co. v. Board of Control, 196 Iowa 841, 842, 195 N.W. 577. See also De Votie v. Iowa State Fair Board, 216 Iowa 281, 249 N.W. 429. * * *.

"Not every suit against a state agency is held to be against the state within the meaning of the immunity doctrine. See, e.g., Hoover v. Iowa State Highway Comm., 207 Iowa 56, 61, 222 N.W. 438, 440; Pierce v. Green, 229 Iowa 22, 294 N.W. 237, 131 A. L. R. 335. But these are not cases in which it was sought to fasten liability upon the state.

"In the Hoover case just cited plaintiff sought to enjoin defendants from establishing a road through his orchard. In denying the plea of immunity, we said:

" 'Appellant does not attempt to obtain money from the state, or interfere with its sovereignty or the administration of its affairs through proper agencies.'

"This language is quoted with approval in Pierce v. Green, supra, 229 Iowa, at page 33, 294 N.W., at page 245. It indicates one test, at least, by which to determine whether a suit against a state agency is in fact one against the state. * * *

"The case of Wilson v. Louisiana Purchase Exposition Comm., 133 Iowa 586, 588, 110 N.W. 1045, 1046, 119 Am. St. Rep. 646, is conclusive here. In it plaintiff sought by mandamus to compel payment of his claim out of state funds by the same indirect method as is attempted here, i.e., by compelling defendants to audit and approve it and execute voucher for its payment. The opinion says:

" 'It is fundamental that a State cannot be sued in its own courts without its consent, and it is a further rule that a

litigant will not be permitted to evade the general rule by bringing action against the servants or agents of the State to enforce satisfaction for claims.'

"In Pierce v. Green, supra, 229 Iowa 22, 32, 294 N.W. 237, 245, 131 A. L. R. 335, referring to this Wilson case and others, it was pointed out:

" 'In none of these civil cases was the state or its arm, board, or agency suable. The suits were for money demands and no one can seriously contend that action could be brought against the state or any arm or agency of the state.' "

Great Northern Life Ins. Co. v. Read, 322 U. S. 47, 49, 50, 51, 64 S. Ct. 873, 874, 875, 88 L. Ed. 1121, was an action to recover taxes collected by defendant-insurance commissioner which were allegedly unconstitutional and discriminatory. The court stated:

"The right of petitioner to maintain this suit in a federal court depends, first, upon whether the action is against an individual or against the State of Oklahoma. * * *.

"In Smith v. Reeves, 178 U. S. 436, 20 S. Ct. 919, 44 L. Ed. 1140, an action was instituted in the Federal trial court by railroad receivers against the defendant 'as Treasurer of the State of California' to recover taxes assessed against and paid by the railroad. * * *.

"As the suit was against a state official as such, through proceedings which were authorized by statute, to compel him to carry out with the state's funds the state's agreement to reimburse moneys illegally exacted under color of the tax power, this Court held, page 439 of 178 U. S., page 920 of 20 S. Ct., 44 L. Ed. 1140, it was a suit against the state. The state would be required to pay. The case therefore is plainly distinguishable from those to recover personally from a tax collector money wrongfully exacted by him under color of state law, Atchison, etc., Ry. Co. v. O'Connor, 223 U. S. 280, 32 S. Ct. 216, 56 L. Ed. 436, Ann. Cas. 1913C, 1050; cf. Matthews v. Rodgers, 284 U. S. 521, 528, 52 S. Ct. 217, 220, 76 L. Ed. 447; to recover under general law possession of specific property likewise wrongfully obtained or held, Tindal v. Wesley, 167 U. S. 204, 221, 17 S. Ct.

770, 777, 42 L. Ed. 137; Virginia Coupon Cases, 114 U. S. 269, 285, 5 S. Ct. 903, 962, 29 L. Ed. 185, 207; United States v. Lee, 106 U. S. 196, 1 S. Ct. 240, 27 L. Ed. 171; to perform a plain ministerial duty, Board of Liquidation v. McComb, 92 U. S. 531, 541, 23 L. Ed. 623; Rolston v. Missouri Fund Comrs., 120 U. S. 390, 411, 7 S. Ct. 599, 610, 30 L. Ed. 721; or to enjoin an affirmative act to the injury of plaintiff, Sterling v. Constantin, 287 U. S. 378, 393, 53 S. Ct. 190, 193, 77 L. Ed. 375; Tomlinson v. Branch, 15 Wall. 460, 21 L. Ed. 189; Davis v. Gray, 16 Wall. 203, 220, 21 L. Ed. 447; In re Tyler, 149 U. S. 164, 190, 13 S. Ct. 785, 792, 37 L. Ed. 689. Only in Smith v. Reeves was the action authorized by statute against the officer in his official capacity. In the other instances relief was sought under general law from wrongful acts of officials. In such cases the immunity of the sovereign does not extend to wrongful individual action and the citizen is allowed a remedy against the wrongdoer personally."

Antrim Lumber Co. v. Sneed, 175 Okla. 47, 49, 52 P.2d 1040, 1042, 1043, was an action against the state treasurer for the recovery of a corporation license tax. The court stated:

"Admitting, without deciding, the contention of the plaintiff regarding the unconstitutionality of the statute in question and the involuntary character of the payment made, we are of the opinion that these questions are not properly involved in this appeal and are unnecessary to a decision herein. The case of Atchison, T. & S. F. Ry. Co. v. O'Connor, supra [223 U. S. 280, 32 S. Ct. 216, 56 L. Ed. 436, Ann. Cas. 1913C, 1050], together with Erskine v. Van Arsdale, 15 Wall. 75, 21 L. Ed. 63, and the Virginia Coupon Cases (Poindexter v. Greenhow), 114 U. S. 270, 5 S. Ct. 903, 962, 29 L. Ed. 185, are authority for the individual liability of a treasurer to repay taxes paid to him involuntarily and under protest when the tax is exacted under an unconstitutional statute, but are inapplicable where the suit is against the treasurer in his official capacity and thus is in effect a suit against the state. As has been said in Smith v. Reeves, 178 U. S. 436, 20 S. Ct. 919, 44 L. Ed. 1140: 'An action against a State Treasurer in his official capacity, which is in effect to

compel the state, through him, to perform its promise to return to taxpayers money that may be adjudged to have been taken under an illegal assessment, is in substance an action against the state itself, within the meaning of U. S. Const. 11th Amend.' "

Kleban v. Morris, 363 Mo. 7, 247 S.W.2d 832, was an action against the treasurer of Missouri, and others, to recover payments of use taxes on motor vehicles collected under a statute subsequently declared unconstitutional. The court held the action was in essence one for the recovery of money from the state and that the state was the real party in interest and was entitled to invoke its sovereign immunity from suit even though individual officials were the nominal defendants.

Ford Motor Co. v. Department of Treasury of State of Indiana, 323 U. S. 459, 464, 65 S. Ct. 347, 350, 89 L. Ed. 389, was an action against the treasury of the state of Indiana and certain officials who constituted the board of the department of treasury, seeking a refund of gross income taxes allegedly illegally exacted in violation of certain provisions of the Constitution of the United States. The decision states:

"The petitioner's claim is for a 'refund', not for the imposition of personal liability on individual defendants for sums illegally exacted. We have previously held that the nature of a suit as one against the state is to be determined by the essential nature and effect of the proceeding. Ex parte Ayers, 123 U. S. 443, 490, 499, 8 S. Ct. 164, 174, 175, 31 L. Ed. 216; Ex parte State of New York, 256 U. S. 490, 500, 41 S. Ct. 588, 590, 65 L. Ed. 1057; Worcester County Trust Co. v. Riley, 302 U. S. 292, 296, 298, 58 S. Ct. 185, 186, 187, 82 L. Ed. 268. And when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants."

In Kennecott Copper Corp. v. State Tax Commission, 327 U. S. 573, 577, 66 S. Ct. 745, 747, 90 L. Ed. 862, recovery was sought from the state tax commission of Utah of taxes allegedly illegally assessed and held in escrow pending final determination

of that question: "As the suits were against the Commission and the members as 'constituting' such Commission, were based upon the payment to the Commission as collector for Utah and sought recovery of the fund, sequestered by section 80-11-13 * * * we are satisfied these are suits against Utah."

Some other decisions are: Tyler v. Dane County, District Court, W. D. Wis., 1923, 289 F. 843; Lord & Polk Chemical Co. v. State Board of Agriculture, 111 N. C. 135, 15 S.E. 1032; Automobile Sales Co. v. Johnson, 174 Tenn. 38, 122 S.W.2d 453, 120 A. L. R. 370; Manufacturers Trust Co. v. Corsi, 186 Misc. 577, 61 N. Y. S.2d 769; Prudential Ins. Co. of America v. Powell, 217 N. C. 495, 8 S.E.2d 619; Samuel Adler, Inc. v. Noyes, 285 N. Y. 34, 32 N.E.2d 781; Adams v. Nudelman, 375 Ill. 217, 30 N.E.2d 742; Weber v. School District, 185 Wash. 697, 56 P.2d 707.

Plaintiffs rely upon Scottish Union & National Ins. Co. v. Herriott, state treasurer, 109 Iowa 606, 80 N.W. 665, 77 Am. St. Rep. 548. That was an action to recover insurance premium taxes levied under an alleged unconstitutional statute and paid defendant-treasurer under written protest in which it was stated the tax was unconstitutional and invalid, and the payment was made under duress and without waiving plaintiff's rights to contest the same. The action was started against Herriott, as state treasurer and also as an individual, but upon his motion the action against him in his individual capacity was dismissed. The decision states the error assigned to that order would be deemed waived because not argued. Plaintiffs contend the Herriott case holds the action against defendant-treasurer *in his official capacity* was not a suit against the State. If the case so holds it may be observed such holding is not supported by the decisions there cited. Most of them are discussed in some of the decisions herein cited.

However, what this division of the Herriott case holds has been the subject of considerable disagreement. For example, in Bow v. Plummer, 79 N. H. 23, 26, 104 A. 35, 37, plaintiff sought to recover from the state treasurer, in his official capacity, money paid for taxes. The court stated:

"If under such circumstances it has been held that a defendant, although a party only in his official capacity, was liable individually to repay the money (Scottish Ins. Co. v. Herriott, 109 Iowa 606, 80 N.W. 665, 77 Am. St. Rep. 548), the decision cannot be followed. The language of the court in Smith v. Reeves, supra (178 U. S. 439, 20 Sup. Ct. 920, 44 L. Ed. 1140), in holding under a somewhat similar state of facts that the cause of action was against the state and that an order for judgment against the treasurer was error, is applicable to the case at bar:

" 'In the present case [Smith v. Reeves] the action is not to recover specific moneys in the hands of the state treasurer nor to compel him to perform a plain ministerial duty. It is to enforce the liability of the state to pay a certain amount of money on account of the payment of taxes alleged to have been wrongfully exacted by the state from the plaintiffs. Nor is it a suit to enjoin the defendant from doing some positive or affirmative act to the injury of the plaintiffs in their persons or property, but one in effect to compel the state, through its officer, to perform its promise to return to taxpayers such amount as may be adjudged to have been taken from them under an illegal assessment.' "

Another appraisal of the Herriott case is found in Oakley Country Club v. Long, 325 Mass. 109, 111, 89 N.E.2d 260, 262, 14 A. L. R.2d 377, 380, cited by plaintiff, which states: "Some jurisdictions go further and hold him [the tax collector] liable [personally] after he has turned over the money if it was originally paid to him, under protest." (Citing several decisions including the Herriott case.)

Seaboard Air Line Ry. Co. v. Allen, 82 Fla. 191, 197, 89 So. 555, 558, cites the Herriott case in support of the following statement: "The action may be maintained against the collector so long as the money remains in his hands, or if he had notice of the claim while the money was in his hands; but after he has in good faith paid it over to the state and county authorities for which he acts he is no longer liable."

In Board of Comrs. of Boone County v. Adler, 77 Ind. App. 296, 133 N.E. 602, the Herriott case was cited in connection with a similar statement.

In a note in 1 L. R. A., N. S., 727, 728, the author states: "A case that seems close to the line, but is nevertheless distinguishable, is that of Scottish Union & Nat. Ins. Co. v. Herriott, 109 Iowa 606, 80 N.W. 665, 77 Am. St. Rep. 548, where it was held that an action by a foreign insurance company to recover from a state treasurer moneys which he had collected from the company as taxes under an unconstitutional statute could be maintained, although the moneys had been paid over into the state treasury. But this was not maintainable on the theory that the state must pay back the money, but on the theory that, if the statute were unconstitutional, it could not constitute any protection to the treasurer for collecting the money, or in paying it over to anybody except the real owner."

A note in 14 A. L. R.2d 383, 401, states: "A state treasurer to whom a taxpayer pays under duress and protest a tax for business done in the state, imposed by an unconstitutional law, is personally liable to the taxpayer for the amount of the tax, although such treasurer has placed the money to the credit of the state. Scottish Union & Nat. Ins. Co. v. Herriott (1899) 109 Iowa 606, 80 N.W. 665, 77 Am. St. Rep. 548."

Plaintiff argues Kittredge v. Boyd, 136 Kan. 691, 18 P.2d 563, 93 A. L. R. 574, which quotes at length from the Herriott case, "reaches a similar result" to the result in that case. Concerning the Kittredge case Barker v. Hufty Rock Asphalt Co., 136 Kan. 834, 837, 18 P.2d 568, 570, states:

"While the proceeding [in the Barker case] was nominally against the highway commission, it was in effect one against the state itself. In cases where the officer of the state acts in his individual or private capacity, and where the money sued for is not public funds subject to disposition by the Legislature, a different rule applies. Compare Kittredge et al. v. Boyd, 136 Kan. 691, 18 P. (2d) 563, just decided."

Frick v. State, 139 Kan. 572, 577, 32 P.2d 221, 224, states astute lawyers from an earlier decision conceived the Supreme Court of the United States might reach the conclusion it did in a later case and after the earlier decision, most payments were made under protest: "In all these cases the state treasurer kept

the money out of the general revenue fund, where it would belong if property of the state, and placed it in a special depositary, in an account designated 'Protested Inheritance and Special Tax Account.' This course of conduct gave opportunity for actions of mandamus by protesting taxpayers against the official stakeholder, to obtain relief. (Kittredge v. Boyd, 136 Kan. 691, 18 P.2d 563 [93 A. L. R. 574].)"

Thus it appears the factual basis for the Kittredge decision was nonexistent in the Herriott case.

 In the case at bar we are satisfied the order of the trial court sustaining defendant's special appearance was correct. Bachman v. Iowa State Highway Comm., 236 Iowa 778, 20 N.W.2d 18, supra, is sound and the applicability of the principles there enunciated to the pleaded facts in the instant case is supported by the great weight of authority. We hold the suit against the commission was substantially against the State, which was immune therefrom. Division I of Scottish Union & National Ins. Co. v. Herriott, state treasurer, 109 Iowa 606, 80 N.W. 665, 77 Am. St. Rep. 548, supra, is overruled to the extent to which it may not be in accord herewith.—Affirmed.

All JUSTICES concur except LARSON, J., who takes no part.