LESLIE CONRAD et al., appellees, v. RONALD LEMOINES, appellant.

No. 50431.

DECEMBER 12, 1961.

Evan Hultman, Attorney General, Bruce M. Snell, Jr., Assistant Attorney General, and John W. Kellogg, County Attorney, of Missouri Valley, for appellant.

Porter & Heithoff and James A. Pratt, all of Council Bluffs, for appellees.

LARSON, J.—This is an action at law for damages caused by alleged acts of negligence of the defendant, a member of the Iowa Highway Safety Patrol, who had assumed the task of directing traffic at the scene of a mishap upon the highway. The defendant entered a special appearance based upon the ground that the petition disclosed he was an Iowa highway patrolman, acting in his official capacity at the time, was carrying out his lawful duties imposed by statute, and was clothed with immunity as an arm of the State of Iowa. The trial court overruled the special appearance and no other pleadings are before us. Pursuant to an application under rule 332, R. C. P., defendant was granted the right to appeal from that ruling.

From the petition we learn that the plaintiffs herein are Leslie Conrad, owner of a 1960 Diamond T Diesel Tractor, Carl Nelson, its driver, Richard Harwood, a passenger in the

tractor, and the Colonial and Pacific Frigidways, Inc., owner of a 1959 Brown trailer being towed by the tractor. While each made claim for damages against defendant in a separate division of the petition, we shall for convenience herein refer to all as the plaintiff.

It was alleged that at the time of this accident defendant "was a highway patrolman for the State of Iowa, and had assumed and was in charge of the direction of traffic" around a disabled trailer blocking to some extent both lanes of traffic on the highway, and "that while defendant was directing traffic around said disabled trailer, plaintiff Leslie Conrad's tractor approached said trailer from the rear and a collision and accident resulted." It was further alleged that defendant was negligent in failing to keep a proper lookout, in failing to place warning flares, in failing to properly direct traffic at that time and place, in failing to assume a position where he could observe and direct traffic approaching the disabled trailer, and in improperly directing a westbound vehicle around the disabled trailer.

Appellant lists two propositions in support of his claim of error. In the first he contends "A special appearance is the proper method of raising the jurisdictional question of immunity from liability for negligence of an Iowa State Highway Patrolman acting in his official capacity." In the second division he contends the court erred in not sustaining the special appearance "because the doctrine of governmental immunity clothes defendant with *immunity from liability* for negligence." (Emphasis supplied.) Under this division he lists seven brief points, i.e., that such a patrolman "in the performance of his duties is a public officer and does not act in his individual capacity"; that we have recently reaffirmed "the doctrine of governmental immunity for acts performed in the exercise of a governmental function"; that actions of police performed while on duty are governmental functions for which the governmental division is immune from liability for negligence; that this immunity extends to the agent or servant performing the acts; that defendant here is immune from liability because all the alleged acts of negligence related to his official duties in

the exercise of a governmental function; that all alleged acts of negligence were acts of nonfeasance, and the duty owed by defendant was a duty to the general public and not to any particular individual; and that as a matter of public policy such officers in the performance of their duties should be *immune from suits* of this nature.

I. The primary question before us is whether, under the allegations of the petition, this case falls within a *class* of actions which the district court could entertain and in which it could render a valid judgment. We hold that it does.

If the district court has jurisdiction of the class of case to which this action belongs, and the immunity claimed does not bar the action against the defendant, but only denies liability for his alleged negligence while performing his governmental duties, the ruling of the trial court must be sustained. State ex rel. Cairy v. Iowa Co-Op. Assn., 248 Iowa 167, 79 N.W.2d 775; Wittmer v. Letts, 248 Iowa 648, 80 N.W.2d 561.

It is the general rule that jurisdiction of the subject matter relates to the character of the controversy, and if the court is authorized to try that kind of cause it is said to have jurisdiction of the subject matter involved. It relates to the power of the court to deal with the general subject involved in the action, to adjudicate the class of cases to which the particular case belongs. The matter was fully discussed by us in the case of State ex rel. Cairy v. Iowa Co-Op. Assn., supra, and many authorities were cited therein. Repetition will not aid us herein. It is sufficient to state that in this tort action where plaintiff, an individual, attempts to recover damages due to the alleged negligence of defendant, an individual, the case belongs within the class of actions the district court of Iowa has the power to try and determine. Article V, section 6, Constitution of Iowa, and section 604.1, Code, 1958.

It is well to remember that jurisdiction of the subject matter does not mean jurisdiction of the particular case then occupying the attention of the court, but only to the class of cases to which that particular case belongs. Pocahontas-Mining Co. v. Industrial Commission, 301 Ill. 462, 134 N.E. 160; Collins v. Powell, 224 Iowa 1015, 277 N.W. 477. It must not be con-

fused with the sufficiency of the petition to make out a cause of action for personal liability. Bachman v. Iowa State Highway Comm., 236 Iowa 778, 781, 20 N.W.2d 18, 19. While the class of case is always determined from the allegations of the petition, the question of jurisdiction of the subject matter has nothing to do with the question of whether the allegations of the complaint set out a good cause of action. Bachman v. Iowa State Highway Comm., supra. Nevertheless, it is significant, as we shall point out, that in the case before us one must examine the allegations of the petition to determine whether the defendant is entitled to any kind of immunity.

II. Our next problem, and one upon which little has been written, is whether the claimed immunity here is the kind which bars court action or only denies liability for damages as a result of defendant's alleged negligence. Generally, immunities found in the Constitution or in statutes are in the nature of a bar against judicial action or suit, and may be referred to as total or absolute immunities. Foster v. Roman Catholic Diocese, 116 Vt. 124, 70 A.2d 230, 25 A. L. R.2d 1, 5. A special appearance challenging the court's jurisdiction in such cases is proper. On the other hand immunity from liability, sometimes referred to as partial immunity, where under certain circumstances there may be liability and under others there is none, is court made, and a proper method of raising the immunity question there is by motion, as in rule 104b, R. C. P., or in the answer itself, not by special appearance.

We recognized this distinction in Wittmer v. Letts, supra, 248 Iowa 648, 650, 80 N.W.2d 561, 562, saying, "Under the ancient common law the Sovereign, generally speaking, could not be sued and this policy has come down to us and is now found in our statutes. Rule 9, R. C. P., and section 613.8, Code of 1950 [1958]. Thus the State is immune from suit rather than from liability." We went on to discuss the type of immunities available to counties or other subdivisions of Government, stating their immunity, if any, unlike the State immunity, is from liability only. Unless, then, the immunity claimed herein is of the type or kind held by the State or the legislature has in some manner relieved the district court of its usual jurisdic-

tion to consider and determine such an action (Workmen's Compensation Law), the immunity must be classified as court made.

Defendant does not claim he, as a member of the Iowa Highway Safety Patrol, has been granted immunity from suit by specific legislation. Except as a representative of the State he can claim no immunity under our Constitution. We have never considered that type of immunity extended below the Governor or other top executive of the State, and do not do so here.

III. Defendant argues that under the allegations of plaintiff's petition no claim is presented upon which relief can be granted. He points out there are no allegations that he was acting beyond the scope of his official duty. He does not argue that he would not be liable for acts of malfeasance toward plaintiff, but contends the allegations of the petition do not charge malfeasance. Conceding these statements to be correct, such circumstance will not deprive the court of jurisdiction of the involved subject matter.

On the other hand, the type of immunity defendant claims for himself is of the court-made type where a person or subdivision of Government may be sued under certain conditions or circumstances and not in others. We considered and discussed such immunity questions in Shirkey v. Keokuk County, 225 Iowa 1159, 281 N.W. 837, and citations; Montanick v. McMillin, 225 Iowa 442, 280 N.W. 608; Yoerg v. Iowa Dairy Industry Comm., 244 Iowa 1377, 1380, 60 N.W.2d 566; Hall v. Town of Keota, 248 Iowa 131, 79 N.W.2d 784. It clearly appears in those opinions that where it is necessary to examine the specific allegations of plaintiff's petition or consider the proof introduced in order to determine whether there is any liability under our pronouncements, the immunity, if any, is court made. Furthermore, it appears that where we must resort to the pleadings to determine whether defendant is entitled to immunity under the specific facts alleged, the immunity, if any, involved is immunity from liability for damages rather than from suit.

IV. It is true we said in Stucker v. County of Muscatine,

249 Iowa 485, 490, 87 N.W.2d 452, where the contention was made that the action was really against the county, a division of Government immune from such actions, that a special appearance was a proper method of raising the jurisdictional question. Following Bachman v. Iowa State Highway Comm., 236 Iowa 778, 781, 20 N.W.2d 18, 19, we had in mind the original legal concept stated in Soper v. Henry County, 26 Iowa 264, 267, that counties being only quasi-corporate, involuntary political or civil divisions of the State, without full corporate powers, could not be sued, and that such immunity from suit was absolute. Since then we have recognized that under some conditions or permitted activities these divisions of Government might be held liable for damages. Wittmer v. Letts, and citations, Yoerg v. Iowa Dairy Industry Comm., and Hall v. Town of Keota, all supra.

█ We are satisfied defendant has failed to bring himself within the class of cases where suit is barred, but on the contrary has shown that resort must be had to the specific allegations of the petition to determine whether there is immunity of any kind involved. While we may agree that, had he moved to dismiss under rule 104b, R. C. P., such motion would have been good, as disclosed in the recent case of Genkinger v. Jefferson County, 250 Iowa 118, 120, 93 N.W.2d 130, 132, a discussion of that type of immunity here is not required. It is sufficient to point out that in the Genkinger case we considered the extent of court immunity allowed public officers performing a public duty. Referring to the county engineer, we said, "* * * even assuming him to be a mere employee, and assuming it to be his duty to erect warning signs, his duty is one owing to the general public and not to any certain individual * * * except as such individual is a part of the general public." Personal liability of the officer was denied in that case due to the absence of proof that the tortious act which caused the injury to another was in violation of a duty owed to the injured party. Here we find no allegation of willful tort or malfeasance toward the plaintiff personally, but only an alleged failure of defendant to properly perform his duty of directing traffic owed the general public. This type of immunity obviously cannot be

raised by a special appearance, as it would indeed be strange for one to question the jurisdiction of the very court he is asking to find that he was performing a duty owed the general public, not to a specific individual as such.

Having found the claimed immunity, if any, not of the kind barring district court consideration, the overruling of the defendant's special appearance by the trial court must be sustained.—Affirmed.

GARFIELD, C. J., and HAYS, THOMPSON and THORNTON, JJ., concur.

PETERSON and SNELL, JJ., take no part.

OLIVER, J., dissents.

BLISS, J., not sitting.