Louis L. Friedman, Claimant, *v.* State of New York, Defendant. (Claim No. 44913.)

Court of Claims, November 3, 1966.

*Davis Polk Wardwell Sunderland & Kiendl* and *Louis L. Friedman,* claimant in person. *Louis J. Lefkowitz, Attorney-General (James Brenner* of counsel), for defendant.

ALEXANDER DEL GIORNO, J.   The claimant, a Justice of the Supreme Court of the State of New York, was duly elected to that office in his home county of Kings in November, 1956 for a 14-year term, from which office he was removed for cause on or about February 22, 1963, after trial, by the Court on the Judiciary, after which he received no further pay checks.   In his claim he contends the State has broken its contract with him because of the nonpayments.

He filed first a notice of intention to file a claim, and on February 18, 1965, the claim itself, whereby he states that as such Justice he received from the State a biweekly check of $805.17 which was paid as the State's contribution towards his salary pursuant to the provisions of section 6 of the State Finance Law, as amended by chapter 867 of the Laws of 1955.

Claimant further alleges that he did not receive any biweekly check due March 6, 1963, as well as thereafter, and demands a cumulative total of his biweekly checks to the date of entry of judgment.

On October 14, 1966, a motion made by the State was heard before me.   By this motion the State seeks to have this claim transferred from the New York district to the Albany district of this court upon the following reasoning:

1. That the Court on the Judiciary sits at the Court of Appeals, Albany.

2. That the proceedings against the claimant were held in Albany.

3. That the office of the Comptroller has advised the Attorney-General that the salary checks of each Supreme Court Justice are prepared in Albany and mailed from Albany to the address designated by each Justice.

4. That in his case claimant designated the Supreme Court, Brooklyn, as his address.

5. That claimant's removal from his position and failure to pay his salary thereafter were acts occurring in Albany.

6. That by motion dated August 29, 1966, returnable September 20, 1966 and adjourned to subsequent dates, the State moved in the Albany district for an order dismissing the claim on the grounds that the court lacks jurisdiction of the subject matter and the claim fails to state a cause of action.

7. That by order to show cause, returnable September 14, 1966, also adjourned, claimant moved to transfer the motion for the order to dismiss the claim to the New York district.

On this motion the claimant in his opposing affidavit substantially sets forth, as above indicated, that his claim is actually an action on contract which arose between him and the State by virtue of his election; that it is a continuing contract until December 31, 1970, and refusal to pay him amounts to deprivation of property without due process of law.

He concedes that in his claim there is nothing about any proceedings in the Court on the Judiciary or what other actions he intends to take regarding its determination.

He relies on the claim as filed; and upon this motion we may be concerned only with the claim as filed, not whether in the context of evidentiary proof it may be only a chimera followed by the claimant, but only whether it is filed in the proper district for we must bear in mind that the State's motion does not impugn the substance of the claim but only its situs for trial.

By a letter memorandum of October 20, 1966, submitted by the Attorney-General, he contends that this action is really one of mandamus rather than contract since it seeks to compel a legal determination of whether the Comptroller has a continuing duty to pay claimant's salary. CPLR 506 (subd. [b], par. 2), contends the State, requires that a special proceeding against the Comptroller must be commenced in the Supreme Court, Albany, inasmuch as said action bespeaks a legislative recognition that the Comptroller acts in Albany and that legislation based on an action of the Comptroller must have Albany as its venue.

The claimant, too, has submitted a letter memorandum. Therein he contends that where an action is based on an *obligation* of the *State,* a mandamus proceeding does not lie against the Comptroller (*Samuel Adler, Inc.* v. *Noyes,* 285 N. Y. 34), and that the Court of Claims has no equitable jurisdiction or power to direct the Comptroller to pay the claimant. The court's only power is to enter judgment.

I am of the belief that this issue has been stretched too far outside of its own limits, and raised too late by the State.

If there are any merits to this claim we cannot escape the conclusion, that like so many other varities of contracts, the State pays them all out of the Comptroller's office in Albany. Nevertheless, an action on contract is brought in the district where the contract is to be performed or has been performed. This is so obviously the applicable law that no statute or cases need be cited.

Whether the claim sounds in mandamus or in contract we are not required to give our judgment. For the purpose of this motion we must assume the claimant may have a meritorious cause of action, for the State itself impliedly concedes that it does not attack the action itself but only the venue of the action.

What we have to consider here is whether or not the State had a right to make this motion at this date. The complete history of the causes which brought about this motion was all along known to the State, as we have heretofore indicated. The claimant was removed February 22, 1963; his notice of intention to file a claim was filed within six months. The claim was filed February 18, 1965. While the State is not required to file an answer, we must assume it denies the claim *in toto* according to the provisions of rule 13 of the Rules of the Court of Claims.

However, on January 7, 1966 on the call of the calendar in New York City, both sides marked the case " Ready ". At the call of the calendar on September 12, 1966, both sides marked the case " Ready ".

I find no cases in point, but by analogy refer to CPLR 511— Change of place of trial:

" (a) Time for motion or demand. A demand under subdivision (b) for change of place of trial on the ground that the county designated for that purpose is not a proper county shall be served with the answer or before the answer is served. A motion for change of place of trial on any other ground shall be made within a reasonable time after commencement of the action.

\* \* \*

" (c) Stay of proceedings. No order to stay proceedings for the purpose of changing the place of trial shall be granted unless it appears from the papers that the change is sought with due diligence."

The applicable portions of CPLR, true, do not refer directly to the Court of Claims or the State, but if we are to understand the purposes of the CPLR—we must read into its provisions and rules " Court of Claims " and " State " whenever these are not directly excluded, otherwise CPLR 101, which determines the applicability of the CPLR and rules and which we

quote below, would be meaningless, for under such circumstances the Court of Claims would be left as an " orphan in a storm ". CPLR 101 — Short title; application: "This chapter shall be known as the civil practice law and rules, and may be cited as ' CPLR.' The civil practice law and rules shall govern the procedure in civil judicial proceedings in all courts of the state and before all judges, except where the procedure is regulated by inconsistent statute. The civil practice law and rules shall succeed the civil practice act and rules of civil practice and shall be deemed substituted therefor throughout the statutes and rules of the state."

We cannot justify the laches of time permitted by the State before making this motion. The claimant filed his notice of intention August 16, 1963, and his claim on February 18, 1965. The State answered the New York Calendar call "Ready" for trial at two different calls and now on September 21, 1966, two years and one month later, it drew its motion returnable on October 4, 1966.

That long passage of time may not be considered as either filing a demand with the answer or before the answer is filed, or a motion made within a reasonable time after the commencement of the action.

We find that in no way do these laches comply with nor the reasons advanced excuse the noncompliance with CPLR 511 either as to a demand for a change of venue or a motion for such change for in either case we find no compliance " within a reasonable time " nor with the requirements of " due diligence ". For these reasons the motion is denied.