**Patricia MARQUART, Appellant,**

v.

**J. W. MAUCKER, Ivan L. Eland, James L. Bailey, and D. R. Walton, Appellees.**

**No. 54264.**

Supreme Court of Iowa.

March 11, 1971.

Dennis D. Damsgaard, Cedar Falls, for appellant.

Reed, Merner, Sindlinger, Baker & Sabbath, Cedar Falls, for appellees.

LeGRAND, Justice.

Plaintiff was employed by the University of Northern Iowa. Upon termination of

her employment, the sum of $100.75 was deducted from her final check for alleged campus parking violations which had accumulated against her.

She started suit against the four defendants, all of whom are officers or employees of the University, asking both compensatory and punitive damages in the amount of $10,100.75. She alleges the withholding of part of her salary was "arbitrary and unauthorized"; that the actions of the defendants were "outside the scope of their authority and employment and their actions had not been approved, authorized, ratified or condoned by the state of Iowa"; and that the conduct of the defendants was "intentional, wilful, malicious, illegal and with the express purpose of oppressing and damaging plaintiff."

Proceeding under rule 66, Rules of Civil Procedure, the defendants appeared specially to challenge the jurisdiction of the court. They claim plaintiff's suit is really against the State, which is immune from such action except as permitted under chapter 25A, The Code, 1966.

This matter reaches us solely on the pleadings and the order sustaining the special appearance. While the State is not named as a defendant and while no relief is asked against it, defendants assert this is nevertheless an action against the State and that plaintiff seeks to do indirectly what she is forbidden to do directly. Defendants rely on a line of cases holding we will look beyond the bare allegations of the petition to determine the nature of the relief demanded. If the relief sought is actually against the State, then the action is against the sovereign and may be maintained only "as provided by any statute in force at the time." Rule 9, R.C.P.; J. D. Hollingshead Co. v. Board of Control, 196 Iowa 841, 844, 195 N.W. 577, 579; Megee v. Barnes, (Iowa), 160 N.W.2d 815, 819. Plaintiff concedes this to be the law but denies the circumstances here fall within that rule. We believe plaintiff is correct.

While the State is immune from suit except pursuant to a statute waiving its immunity, the same cannot be said for agents or employees of the sovereign. A defendant is not excused for malicious or negligent conduct simply because he works for the State. Montanick v. McMillin, 225 Iowa 442, 459, 280 N.W. 608, 617; Johnson v. Baker, 254 Iowa 1077, 1084–1088, 120 N.W.2d 502, 506; Conrad v. LeMoines, 253 Iowa 320, 324, 112 N.W.2d 360, 363. As we understand plaintiff's petition, she asserts a claim against the defendants only in their *individual* capacity for conduct she alleges was malicious and deliberately intended to harm her.

Plaintiff's petition makes no claim against the State and asks no redress from it. The cases relied on by defendants and upon which the trial court based its ruling sought to compel payment of money from the state treasury by mandamus against state officers. We held these were actions against the State because they demanded payment from state funds. Megee v. Barnes, supra; Yoerg v. Iowa Dairy Industry Commission, 244 Iowa 1377, 60 N.W.2d 566; Bachman v. Iowa State Highway Commission, 236 Iowa 778, 20 N.W. 2d 18.

In the latter case we pointed out (236 Iowa at page 783, 20 N.W.2d at page 20) that not every suit against a state agency is against the state, only those which seek "to fasten liability on the state."

Those cases are easily distinguishable from the one at bar. Here plaintiff seeks no state money, only that of defendants. Any judgment plaintiff might obtain under her petition could not be enforced against the State. Under such circumstances we hold this is not a suit against the State.

While this does not necessarily mean defendants enjoy no immunity as representatives of the State, it does mean they cannot raise the question by special appearance. The State may, of course, assert its absolute immunity from suit in this

manner, but those who, like defendants, may claim at best only partial immunity from liability must rely on a motion to dismiss or trial on the merits to establish their preferred status. Bachman v. Iowa State Highway Commission, 236 Iowa 778, 781, 20 N.W.2d 18, 19; Anderson v. Moon, 225 Iowa 70, 73, 279 N.W. 396, 397; Conrad v. LeMoines, 253 Iowa 320, 324, 112 N.W. 2d 360, 363.

We hold the trial court erred in sustaining defendants' special appearance and the case is therefore reversed and remanded for further proceedings.

Reversed and remanded.

All Justices concur.